## JONES *vs.* PARKS.

1. When the clerk's certificate that a deed was properly recorded, misdescribes
   the name of the grantor, by substituting another name, (as *McKinnie* for
   *McKewin*,) it is not sufficient to prove a compliance with the registration acts,
   and to render the record admissible in evidence.
2. The opinion of the clerk by whom the deed ought to have been recorded, that
   the deed offered in evidence was the one which was recorded, is illegal and
   inadmissible as evidence.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

DETINUE by Parks against Jones, for a wagon and harness.
The plaintiff claimed under a deed of trust, executed on the
15th January, 1846, by James M. McKewin, to said Parks,
as trustee, which recites that the grantor is justly indebted
to Curry & Groce, in the sum of $76 50, and, in considera-
tion of said indebtedness, conveys to said trustee a wagon
and harness, in trust that he would retain them until default
was made in the payment of said debt, and then, on the re-
quest of said Curry & Groce, would take said property into
his possession, sell it, and pay the debt out of the proceeds
of sale.

On the trial below, "the plaintiff offered said deed in evi-

dence, on proof by the subscribing witness of its execution; he also offered said deed in evidence, on proof of its probate and registration in the office of the clerk of the County Court of Talladega. The defendant objected to said deed's going in evidence, first, because no consideration had been proved, and, secondly, because said deed was recorded as having been executed by one James M. *McKinnie*, when the true name of the grantor was James M. *McKewin*. The judge of probate, who was clerk of the County Court when said deed was executed, was introduced as a witness, with the book of records, by plaintiff, and stated, that said deed had been proven before him, and left with him for registration; that he handed it to his deputy, for record, &c. On examining the record, it corresponded with the deed in every particular, except that the name of the grantor, whenever it occurred, was written James M. McKinnie. Said witness further testified, that he was in the habit of examining the work of his deputy, and that he had no doubt that this was the record of the deed of trust, though he had never, as he recollected, examined it before. Defendant objected to that part of his testimony which is as follows: "He had no doubt that this was the record of the deed;" but the court overruled the objection, and defendant excepted. Plaintiff stated, that he expected to prove actual notice of the deed on defendant. The court suffered the deed and the record, as aforesaid, to be read to the jury, on plaintiff's stating that he would show a consideration; and defendant excepted."

The endorsement by the clerk on the deed certified, "that the within trust deed from Jas. McKinnie to Wm. H. Parks, was filed in" his "office on the 17th January, 1846, and was duly recorded," &c.

The plaintiff introduced another witness, who testified, that a contract was made, in 1845, between one Donnegan and said McKewin, by which the latter, in consideration of receiving the wagon and harness from Donnegan, agreed to pay to Curry & Groce about the sum of $75, which Donnegan said he owed them. He also proved the execution of a note for $76 by McKewin, dated April 8, 1845, and payable to Curry & Groce on the first day of January next after date; also, an instrument in writing, of the same date, made by said Mc-

Kewin, acknowledging that he had in his possession a wagon and harness which he was to retain until the first day of January next thereafter; and that if he paid said note, he was to be entitled to said wagon and harness; but if not, then Curry & Groce were to be entitled to them.

Plaintiff also proved the execution of the note described in said deed of trust, and defendant moved to exclude "each of said last mentioned notes from the jury, on the ground that no consideration had been proved;" which motion was overruled, and defendant excepted. There was also evidence tending to establish that the defendant was in possession of the wagon and harness before suit brought; and the record further shows, that testimony was offered tending to prove that the defendant was a *bona fide* purchaser of the wagon.

Upon this evidence, several charges were requested by the defendant below, which the opinion of the court renders it unnecessary to state specifically. The errors assigned are:

1. In permitting the deed of trust to go in evidence, without proof of consideration.

2. In permitting the clerk to give his opinion, "that he had no doubt it was the record of the deed."

3. In permitting the deed and the record to be given in evidence, the deed having been recorded in the name of McKinnie instead of McKewin.

4. In permitting the note and receipt given by McKewin to Curry & Groce, to be read in evidence.

5. In permitting the note mentioned in the deed of trust to be read in evidence, without proof of consideration.

6. In refusing each one of the charges asked by plaintiff in error.

WHITE & PARSONS and JOHN WHITE, for plaintiff in error:

1. The plaintiff below sued upon the deed as trustee, and cannot claim under the receipt acquired by McKewin, that being given to Curry & Groce. The suit should have been brought in their names.

2. At the time the deed under which the plaintiff below claimed was made, the wagon, &c., were in the possession of Jones, who claimed adversely to McKewin, the grantor in the deed; the deed, therefore, passed no title to Parks. 8 Porter 237; 18 Ala. 21; 16 ib. 581.

3. As against Jones, the plaintiff below should have proved a consideration for the deed. 16 Ala. 725.

4. The record of the deed should have been excluded. Dubose v. Young, 10 Ala. 365.

RICE & MORGAN, contra:

1. Where plaintiff brings detinue for a wagon and harness, and adduces evidence tending to show his right to the harness, as well as the wagon, and the defendant adduces evidence tending to show a purchase of the wagon only, but not of the harness, the court may properly refuse any charge which is founded on the assumption, that if the defendant had established his defence as to the wagon, the plaintiff could not recover at all. The verdict and judgment show plaintiff's right to both harness and wagon in this case.

2. Jones is not a *bona fide* purchaser of the wagon, and the evidence shows he is not such a purchaser. McKewin had no right or title in November, 1845, when Jones pretends he bought the wagon of him. At that time, McKewin was a mere naked bailee, without title, and could not make a valid sale. At all events, he could not then have made a valid sale to one of his own creditors, in payment of an antecedent debt. Miller v. Walker, 11 Ala. 1067.

3. Only one affirmative charge is complained of. Refusals to charge are assigned for error. Each charge refused is unauthorized by the evidence, and embraces a *non sequitur*, viz: that the plaintiff cannot recover.

4. The beneficiaries and trustee in the deed of trust had done, within proper time, all the law required of them. The deed was duly acknowledged, and left for record with the proper officer, in proper time. The omission or neglect of duty by the officer afterwards, cannot affect the party claiming under the deed. Williams v. Jones, 2 Ala. 314; Boyd v. Parsons, 20 ib.

5. The evidence of the clerk is no ground of reversal. At most, it is redundant evidence, which could not possibly injure Jones. Boyd v. Parsons, 20 Ala.; Brock v. Headen, 13 ib. 370.

GOLDTHWAITE, J.—In the case of Dubose v. Young,

10 Ala. Rep. 266, it was held, that when the certificate of the proper officer, that a deed was duly recorded, misdescribes the name of the grantor by substituting another name, the certificate is of no value as evidence, although direct reference be made therein to the deed, by the use of the term, "the foregoing deed." In the present case, the deed was executed by McKewin, and the certificate described it as having been made by McKinnie. Under the influence, therefore, of the decision we have just referred to, the certificate did not prove a compliance with the registration acts, by showing that the deed had been deposited in the proper office, within the time for registration. McGregor v. Hall, 3 S. & P. 397; Dubose v. Young, *supra.* Neither does the evidence of the witness, Cotton, which was offered for that purpose, show at what time the deed was deposited for record. This being the case, the record was inadmissible. Under the influence of the decision in Dubose v. Young, it could not properly have been regarded as the record of the deed which had been proved.

The bill of exceptions shows, that in the contest which arose in relation to the record of the deed, the clerk of the court in which it should have been recorded, was offered as a witness, and testified, that he had received the deed, and handed it to his deputy to register; that he was in the habit of examining his work, and that he had no doubt that the record exhibited was the record of the deed of trust which was before the court. The portion of this testimony which was matter of opinion was objected to, and the overruling of this objection is made the basis of one of the assignments of error. We are clear that this evidence was illegal, and should not have been received; and although its admission could not have availed the plaintiff in error, if the record was admissible without it, yet, as we have already seen, such was not the case, and as the record was admitted apparently upon this testimony, we cannot say that it worked no injury to the party objecting. From another portion of the record it appears, that evidence was offered to show that the defendant was a *bona fide* purchaser; and the fact as to whether the deed of trust was recorded, was an important question, so far as he was concerned. Our conclusion is, that the court erred

in the admission of this evidence, and that the error may have been prejudicial to the defendant. There was, however, no error in the refusal by the court below to exclude the notes, on the ground of a want of consideration. The evidence upon this point tended to establish the fact, that in April, 1845, before the execution of the deed of trust, Mc-Kewin, the grantor, received from one Donnegan the property conveyed, upon the consideration that he should pay to Curry & Groce, the beneficiaries in the deed, about the sum of seventy-five dollars, which Donnegan admitted he was indebted to them. It is unnecessary to refer to authority to show that this furnished a sufficient consideration for the execution of the first note made by McKewin to Curry & Groce. Evidence having been offered tending to establish the indebtedness of McKewin, to about the amount for which the note secured by the deed of trust was given, it then became a question of fact for the jury, to decide whether such indebtedness constituted the consideration of the last mentioned note. The possession of the first note by the plaintiffs below, although it may have been a circumstance tending to show that the second note was not based upon the same consideration, was not conclusive, and was properly submitted to the jury for their determination.

In relation to the several charges which were requested on the part of the plaintiff in error, we are of opinion that they were properly refused. The evidence, as disclosed by the record, tended to show that the defendant was in the possession of the harness, as well as the wagon, before suit brought. Conceding, for the purposes of the argument, that a full defence may have been made out against the right of the plaintiff to recover the wagon, does it follow that the harness could not have been recovered? The several charges, if given in the terms in which they were asked, would have been equivalent to instructing the jury, that the plaintiff could recover nothing, if upon the law he was not entitled to recover the wagon.

For the error we have referred to in the admission of the record, the judgment is reversed, and the cause remanded.