# Sanders *v.* Knox, *et al.*

### Trover for Conversion of Cotton.

1. *Amendment; limit of.*—Under our statute there is no limit of the right of amendment, save that there must not be an entire departure from the process, or an entire change of parties, or the introduction of an entirely new cause of action; and it is not error to allow a proper amendment while the case is being argued to the jury.

2. *Evidence, objection to; what properly overruled.*—An objection to evidence on the ground that it is "illegal, irrelevant, and incompetent," may be overruled, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence.

3. *Mortgagor, declarations of; when evidence against third person.*—Declarations by the mortgagor, while removing mortgaged property, to the effect that he was going to send it to a particular person, are admissible as parts.

[Sanders v. Knox et al.]

of the *res gestæ* of his party while in possession, and competent evidence against the person to whom the property was sent, in a suit against him by the mortgagee for a conversion.

4.  *Mortgagor, bailee or voluntary donee of; what questions can not raise.* A mere voluntary donee or bailee of the mortgagor can not, when sued by the mortgagee for a conversion, show by parol a different consideration from that recited in the mortgage, or take advantage of its defective registration, or complain of the failure of the mortgagor to make sales of other portions of the mortgaged property than that sued for; but is confined to defenses which are available to the mortgagor, among which are the right to show payment of the mortgage debt, in a case involving personal property.

5.  *Defective registration of conveyance; who can not take advantage of.* A defective registration of a conveyance—such as the omission of the signatures and seals of the mortgagors—will not operate as notice to purchasers and creditors with a lien, protected by the registration statutes; but the conveyance is valid as to all others, who can claim no benefit from its defective registration.

6.  *Application of payments.*—In the absence of an agreement or direction to the contrary from the mortgagor, the mortgagee is bound to apply the proceeds of sales of mortgaged property in extinguishment of the mortgage debt.

APPEAL from Circuit Court of Pike.

Tried before Hon. H. D. CLAYTON.

The appellees, Knox and others, brought trover against Sanders for the conversion of two bales of cotton, partnership property of the firm of Knox, Malone & Knox, title to which was in J. B. Knox and Malone, as survivors. The complaint was originally in the name of these two as survivors, and another as personal representative of the deceased partner. During the closing speech of the defendant, the court, at the instance of the plaintiffs, allowed the plaintiffs to amend the complaint by striking out the name of the personal representative, thus making the suit in the name of the other plaintiffs as surviving partners.

The plaintiffs introduced a mortgage executed by Barr and his wife and one Stubbs, which was properly attested, conveying, among other things, all the crops of cotton grown on a plantation cultivated by them in the year 1873. The defendant objected to the introduction of the mortgage, "on the ground that the same was illegal, irrelevant, and incompetent;" but his objection was overruled, and the mortgage read in evidence, and he excepted.

One Barlow, a witness for plaintiffs, testified that at Barr's instance he hauled two bales of cotton from the latter's ginhouse and delivered it to defendant; that "at the time witness loaded the cotton, Barr said he was going to send it to defendant." An objection to these declarations of Barr was overruled, and defendant excepted. The plaintiffs introduced evidence tending to show that the cotton thus deliv-

(7)

[Sanders v. Knox et al.]

ered had, before suit, been demanded of defendant, who refused to return it, and that it was covered by the mortgage. There was no proof of defendant's claim or title to the cotton, other than that he had received it from Barr, as stated above.

The amount secured by the mortgage was $750, and it was shown that plaintiffs had received of the proceeds of sales of the crops covered by it, something over $900, and that at the time of the trial Barr owed plaintiffs over $800. Plaintiffs and Barr had had dealings before the execution of this mortgage, and it was inferrible from the testimony, though not distinctly stated, that the proceeds of the property covered by this mortgage had been applied in part extinguishment of such prior indebtedness. There was no evidence of any direction by the mortgagor as to how proceeds of sales of mortgaged property should be applied.

The defendant offered proof tending to show that the mortgage debt of Barr had been paid before this suit, and also, that "plaintiffs had taken no steps to get possession of other property described in the mortgage and sell it for the satisfaction of the debt, but had consented for Barr to keep and use it, and that some of this property, consisting of livestock, had died since the commencement of this suit;" but the court, on motion of plaintiffs, would not allow such proof to be made, and defendant separately and duly excepted. The defendant also offered to prove "the character of the articles sold or furnished Barr under the mortgage, and the time when furnished, and whether they were of the character described in the mortgage;" but the court sustained an objection to the proffered testimony, on the ground that it was irrelevant, and defendant excepted.

The defendant then offered in evidence the record of conveyances, in which the mortgage was recorded, which showed that the signatures of the makers and their seals had been omitted in recording it, and thereon moved the court to exclude the mortgage as evidence, on the ground that it was illegal and irrelevant. This motion was overruled, and defendant excepted.

The defendant requested the court to charge the jury in writing, "if the cotton embraced in the mortgage was received by the mortgagees, Knox, Malone & Knox, the law will apply the proceeds thereof in payment of the mortgage debt, without any direction thereto by the mortgagor." The court refused this charge, and the defendant excepted.

The court, among other things, charged the jury, "if they

[Sanders v. Knox et al.]

believed from the evidence, payments were made by Barr or by Barr and Stubbs to the plaintiffs, and there were no instructions at the time that such payments should be applied to the satisfaction of the mortgage, then the plaintiffs had the right to apply such payment to the account of the party or parties making such payment, or to the debt secured by the mortgage, as they (plaintiffs) might elect." The defendant excepted to this charge.

The various rulings to which exceptions were reserved are now assigned as error.

PARKS & HUBBARD, for appellant.

W. D. WOOD, contra.

BRICKELL, C. J.—1. The complaint was originally in the name of two as survivors, and another as the personal representatives of a deceased partner. There was a misjoinder of plaintiffs, the suit being for the conversion of partnership property, the title to which was in the survivors, and in which the personal representative of the deceased partner was without interest. The irregularity was amendable, and it was proper the leave to amend should be granted at any time before the retirement of the jury. There is no limit to the right of amendment under our statute, except that there must not be an entire departure from the process; an entire change of parties; or the introduction of an entirely new cause of action.—Crimm v. Crawford, 29 Ala. 623; Prater v. Miller, 25 Ala. 320.

2. The objection to the introduction of the mortgage was general and undefined, "because the same was illegal, irrelevant and incompetent." On proper evidence of execution, the mortgage was certainly legal, relevant, and competent. It was the evidence of the title of the plaintiffs to the cotton, for the conversion of which a recovery was claimed. If the want of proper evidence of execution had been particularized as an objection, the plaintiffs apprised of it, would have had the opportunity of removing the objection by supplying the evidence. A general objection of this character cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence. Such objections may mislead the party against whom they are taken, and the court, and lead to the practice of making objections in this court, which if made in the primary court

[Sanders v. Knox et al.]

would have been obviated. We concur with what was said by COLLIER, C. J., in *Wallis v. Rhea & Ross*, 10 Ala. 453: "Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them will not particularize, the court is not bound to cast about for the grounds upon which in the mind of counsel they are rested, but may properly disregard them."

3. The declarations of Barr when sending the cotton to the appellant were properly admitted. They were parts of the *res gestæ* of parting with the possession of the cotton. *Olds v. Powell*, 7 Ala. 623. Besides, there was evidence tending to show a delivery to the appellant; as he derived his right from Barr, he was affected by Barr's declarations made while in possession.

4. The defects in the registration of appellee's conveyance, destroy its effect as notice to purchasers, or creditors with a lien, protected by the statutes of registration.—*Jones v. Parks*, 22 Ala. 446; *Dubose v. Young*, 10 Ala. 365.

It is, however, only creditors with a lien, or subsequent purchasers without notice, for value, who are protected by the statutes of registration; as to all others, a conveyance is valid and operative, though it has not been registered. *Center v. P. & M. Bank*, 22 Ala. 743. There is no evidence tending to show that the appellant is either a creditor with a lien, or a purchaser for value. The defects in the registration were not consequently available to him.

5. As the case is now presented, the appellant is not entitled to make any other defense than could have been made by the mortgagor. So far as the facts now disclose, he is either a voluntary donee, or mere bailee, acquiring possession from the mortgagor, not by purchase for value, or by lien. Only such defenses as Barr could have made, are available to appellant. A payment of a mortgage debt extinguishes a mortgage of personal property, and restores title to the mortgagor.—*Harrison v. Hicks*, 1 Porter, 423. It is competent for the mortgagor, or one claiming under him, when sued by the mortgagee for the conversion of personal property, to show payment of the mortgage debt. *McGowen v. Young*, 2 Stew. & Port. 160; *Morrison v. Judge*, 14 Ala. 182; *Geron v. Geron*, 15 Ala. 558. The Circuit Court was in error in refusing the admission of evidence having a tendency to show payment of the mortgage debt.

6. Whatever moneys may have been realized from the sales of property covered by the mortgage, the appellees

[Chambers v. Richardson et al.]

were bound, in the absence of an agreement to the contrary with the mortgagor, to apply to the payment of the mortgage debt. While the general rule is, that a creditor has the right of applying a general payment, unless the debtor when making it specifically directs its appropriation, the rule is, that payments derived from a security for a particular debt, must be applied to its satisfaction.

7. It was not competent for the appellant to impeach the consideration of the mortgage, and by parol to disprove its express recitals of a present indebtedness to the mortgagee. If he had been a purchaser from Barr for value, or a creditor having a lien, the rule would be different.

8. The right of the appellees to recover the cotton was not affected by their negligence, or failure to claim and make sale of other property covered by the mortgage; as against a purchaser, or a creditor of the mortgagors, the fact might be of importance, if connected with other evidence impeaching their good faith. As between them and the mortgagor, or one standing in his place, it is not material. The Circuit Court erred in refusing to give the first charge requested by the appellant, and in the charge given, to which an exception was taken.

For the errors we have noticed, the judgment is reversed, and the cause remanded.