(115 So. 295)

### CLARK v. STATE.   (6 Div. 77.)

Supreme Court of Alabama.   Jan. 26, 1928.

Criminal law ⚖=1134(6)—Excluding express receipt, offered to prove alibi, on general objection, held not error; it being incompetent because execution was not proved (rule 33 [Code 1923, vol. 4, p. 906]).

In criminal prosecution, where defendant to establish alibi offered in evidence express receipt issued to him in foreign state to refute charge as to his presence at time and place of offense, under Rules of Practice in Circuit and Inferior Courts, rule 33 (Code 1923, vol. 4, p. 906), trial court committed no error in excluding receipt on state's general objection that it was immaterial, incompetent, and irrelevant where receipt was not competent because there was no proof of its execution.

Certiorari to Court of Appeals.

Vester Clark was convicted of an offense and appealed to the Court of Appeals. The judgment of conviction being there reversed, the State, on the relation of its Attorney General, now brings this petition for certiorari to review and revise the judgment and decision of the Court of Appeals in Clark v. State, 115 So. 294. Writ awarded.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

The court properly sustained objection to the admission of the express receipt. 16 C. J. 636; Jones v. State, 181 Ala. 63, 61 So. 434; Hurst v. State, 1 Ala. App. 235, 56 So. 18. The defendant had the burden of proving the authenticity of the receipt. 22 C. J. 81; Freeman v. Blount, 172 Ala. 655, 55 So. 293; Rogers v. De Bardeleben, 97 Ala. 154, 12 So. 81.

R. G. Redden, of Vernon, opposed,

Brief did not reach the Reporter.

SAYRE, J. In order to establish his alibi, defendant, Clark, offered in evidence a receipt purporting to have been issued to him by an express company at Little Rock, Ark., at a time so near the time of the offense charged in the indictment as, if genuine and true in all its recitals, to refute the charge as to defendant's presence at the time and place when and where the offense had been committed as witnesses for the state testified. For the further history of the question now at issue, we quote from the opinion of the Court of Appeals as follows:

"The objection by the state was upon the grounds that the receipt was immaterial, incompetent, and irrelevant. These grounds waived all others, and in effect admitted the genuineness of the receipt. The genuineness of the receipt being admitted, the court committed reversible error in refusing to admit it in evidence."

We understand the Court of Appeals to hold that the receipt should have been accepted as genuine in the trial court, for the reason, and for the reason only, that the state did not object on the ground that the execution of the receipt had not been proved; in other words, that the general objection waived the specific objection that execution was not shown, and, in consequence, that the court committed error in excluding the receipt.

In Adams v. Southern R. Co., 166 Ala. 449, 459, 51 So. 987, 991, this court, speaking to an assignment of error raising substantially the same question as in this case, said:

"The trial court was not bound to cast about for the grounds of objection; but, if it did so and found tenable objection, appellant cannot complain."

That ruling was in agreement with the rule stated by Prof. Wigmore, who, dealing with the "procedure of admissibility," says:

"The initiative in excluding improper evidence is left entirely to the opponent, so far at least as concerns his right to appeal on that ground to another tribunal. The judge may of his own motion," as we think it must be assumed the trial court did in this case, "deal with offered evidence; but for all subsequent purposes it must appear that the opponent invoked some rule of evidence. A rule of evidence not invoked is waived." 1 Wigmore on Ev. (2d Ed.) p. 173, § 18, cited by this court in Bufford v. Little, 159 Ala. 300, 304, 48 So. 697.

In a note (pages 173, 174), Prof. Wigmore further illuminates the question at issue by saying that the rule quoted above "is the only sound rule; i. e., for purposes of *trial*, the court is free to act without waiting for an objection; but for purposes of *appeal* a party not objecting has no standing," and we understand our decisions heretofore to mean that a mere general objection may be treated as no objection. Thus in Bates v. Morris, 101 Ala. 282, 286, 13 So. 138, Stone, C. J., speaking of general and indefinite objections to evidence, said:

"Such objections are not favored, and, if the evidence is not plainly illegal or irrelevant, the court commits no error in overruling them" —citing Wallis v. Rhea, 10 Ala. 453; Sanders v. Knox, 57 Ala. 81, and rule of practice, 90 Ala. ix (now rule 33, Code, vol. 4, p. 906).

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Neither the authorities referred to by Stone, C. J., nor the numerous cases cited in Adams Hardware Co. v. Wimbish, 201 Ala. 547, 78 So. 901, hold anything to the contrary of what has been here written. We are therefore of opinion that the trial court committed no error in excluding the receipt on the state's general objection because the piece of evidence thus excluded was not competent, for the reason that there was no proof of its execution. Indeed, assuming for the argument that there was in the record no proof of execution, the objection to the receipt may well be said to have been so obvious as to have attracted the attention of the court without specific objection, and for that reason, if none other, the ruling in question should be sustained. If it may be that the fact of execution of the receipt was shown, in that event a question would be raised for the further consideration of the Court of Appeals.

Writ awarded.

All the Justices concur.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.
R. G. Redden, of Vernon, opposed.