(124 So. 892)
WILLIAMS et al. v. BOLDING. (8 Div. 128.)

Supreme Court of Alabama. Nov. 7, 1929.

Rehearing Denied Dec. 19, 1929.

J. A. Lusk, of Guntersville, for appellants.

Street, Bradford & Street, of Guntersville, for appellee.

330

BROWN, J. This is an action on the case by appellee, a child seven years of age, suing by next friend, against appellant, for personal injuries resulting to her from the explosion of a dynamite cap obtained from a quantity of such caps left by the defendants uninclosed and unguarded in a culvert on a road being constructed by the defendants, and which exploded in plaintiff's hand while she was at play.

The complaint consists of three counts; the first avers, inter alia: "That plaintiff while playing upon certain parts of said road, together with her companions of like age, came upon a number of cases of dynamite and dynamite caps which were in an unprotected place within a large cement culvert, which had been negligently left there by said defendants, *or those employed by them*, in the erection or building of said road, and while there became attracted by the said dynamite and dynamite caps, and due to their attractiveness picked one of them up and carried it off with her; upon reaching her home, due to her lack of knowledge of their dangerous nature accidently discharged said dynamite cap," (resulting in her injury) "and plaintiff avers that said dynamite and dynamite caps are attractive to children of tender years, who did not know their dangerous character, but that the same was dangerous for children to play with, because it was of a highly dangerous and explosive nature, and on account of its construction and location a child playing with same was liable to be injured, and plaintiff avers that said dynamite caps were negligently kept *in an open and public place*, where people frequently passed and repassed, and children did and were liable to play, and defendant well knowing these facts carelessly and negligently left said dynamite caps unlocked, uninclosed and otherwise unguarded." (Italics supplied.)

The second count, though two defendants are sued, claims damages of "defendant," and avers: That "defendants owned and kept dynamite caps on a certain dirt road which they were constructing near plaintiff's home * * * in an open and accessible place, where children did play and were liable to play, and the *defendant* knowing or having reason to believe that children resorted or would resort to *its* dynamite caps in play, and that they were articles highly dangerous for children to play with, negligently and in wanton disregard of the safety of the plaintiff allowed or suffered the said dynamite caps to remain unattended, uninclosed and unguarded, so that children could easily gain access to and move or touch or carry off the same, * * * and plaintiff * * * while playing on said road picked up and carried off said dynamite cap or caps, which due to her lack of knowledge of said caps and their dangerousness of character, were caused to explode" to her injury. (Italics supplied.)

The third count, in substance, is the same as count 2, without the element of wantonness, and claims of the "defendant" and avers that "he or they" owned and negligently kept dynamite caps near the home of plaintiff in an open and accessible place "where children resort to play, and *the defendant* knowing or having reason to believe that children resorted to play or would resort to play where said caps were kept in an open and accessible place, * * * nevertheless negligently allowed said dynamite caps to remain uncovered and unguarded and easily accessible to children," etc. (Italics supplied.)

The theory of the defendants, as advanced in the demurrers which were overruled, is that these counts are bad, (1) in failing to negative plaintiff's private ownership of the property where these explosives were kept; (2) they do not show that defendant invited or even knowingly permitted plaintiff to use or be upon said road, or that it in fact knew of plaintiff's presence thereon, or that the child injured was accustomed to playing thereon; (3) that it appears that the plaintiff was a trespasser.

The application of the doctrine invoked, commonly referred to in the books as "the attractive nuisance doctrine," is not necessarily influenced by the right of property or the right to use the property, but upon the apparent probability of danger, and the measure of care of the author of the contrivance that causes the injury, "for ordinarily the duty of avoiding known dangers to others under some circumstances operates to require care for persons who may be at the place of danger without right." Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772; A. G. S. R. Co. v. Crocker, 131 Ala. 584, 31 So. 561, 563.

To state the proposition in the language of the opinion in the last-cited case: "Ownership of property may carry with it the right of the owner to use, and to exclude others from the use of, the property; but, however exclusive may be the owner's rights, he is subject always to the maxim, 'Sic utere tuo ut alienum non laedas.' Common prudence forbids that one may arrange, even on his own premises, that which he knows, or, in the exercise of common judgment and prudence, ought to know, will naturally attract others into unsuspected danger of great bodily harm. It is the apparent probability of danger, rather than rights of property, that determines the duty and measure of care required of the author of such a contrivance; for ordinarily the duty of avoiding known danger to others may,

under some circumstances, operate to require care for persons who may be at the place of danger without right." Alabama G. S. R. Co. v. Crocker, 131 Ala. 590, 31 So. 561, 563.

Nor is an express invitation to, or knowledge that the particular person will or may resort to, the place, essential to liability. The import of the doctrine as primarily applicable is that: " 'One who maintains dangerous instrumentalities or appliances on his premises of a character likely to attract children in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement, is liable to a child non sui juris who is injured therefrom.' This doctrine is an exception to the general rule that a property owner owes no duty to trespassers except not to wilfully or intentionally inflict injury upon them." 20 R. C. L. p. 79, § 70; Mattson v. Minnesota, etc., R. Co.. 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. Rep. 483, 5 Ann. Cas. 498; Dahl v. Valley Dredging Co., 125 Minn. 90, 145 N. W. 796, 52 L. R. A. (N. S.) 1173.

Invitation may be implied from the nature of the place or instrumentality, its accessibility, its use, its alluring qualities calculated to attract children of immature judgment and lack of appreciation of the danger, and in this respect, as observed by Cooley, C. J., in Powers v. Harlow, 53 Mich. 507, 19 N. W. 257, 260, 51 Am. Rep. 154, a case bearing considerable analogy to the case in hand, "children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly." Bryan v. Stewart, 194 Ala. 357, 70 So. 123. Only when the place or appliance cannot be said to possess a quality calculated to attract children generally, is it necessary to show that defendant's knowledge that the injured child or others were in the habit of using it. Thompson v. Alexander Cotton Mills Co., 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807; Witte v. Stifel, 126 Mo. 295, 28 S. W. 891, 47 Am. St. Rep. 668; Kramer v. Southern Rwy. Co., 127 N. C. 328, 37 S. E. 468. 48 L. R. A. 359; 20 R. C. L. 84, § 73.

The doctrine is founded on the defendant's superior knowledge of the peril from which the duty arises to use such care as the circumstances of the particular case may require to protect others from injury, and is limited in its application to latent dangers, and, where the injury results from perils of obvious and patent character, it is not applicable. Erickson v. Great Northern R. Co., 82 Minn. 60, 84 N. W. 462, 51 L. R. A. 645, 83 Am. St. Rep. 410; 20 R. C. L. 86, § 76. The case of Cox v. Alabama Water Co., 216 Ala.

35, 112 So. 352, 53 A. L. R. 1336, cited by appellant, was a case involving an open, obvious peril, and the circumstances stated in the complaint, it was held, did not as a matter of law justify the inference of an invitation to the injured child to use the place as a place for play. This differentiates that case from the case at bar.

While the counts of the complaint cannot be said to be models of perspicuity in stating a cause of action, and free from demurrable defects, still they were not subject to any of the objections stated in the demurrer, and none other may be considered. Code 1923, § 9479; Deslandes v. Scales, 187 Ala. 25, 65 So. 393; Commercial Credit Co. v. Ward & Son, 215 Ala. 34, 109 So. 574. See, however, Steele v. May, Buttrey & Cooney, 135 Ala. 483, 33 So. 30; Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25.

The defendants were road contractors and at and prior to the plaintiff's injury were engaged in constructing a public road leading from Guntersville to Arab, in Marshall county, having in their employ a number of servants engaged in the work. The road under construction was north of plaintiff's home, running parallel with a lane on the property of plaintiff's father, and about 500 feet northeast of the home a large cement culvert, some 60 feet in length and high enough that a man could walk through it, was constructed by the defendants as a part of the work. The evidence tends to show that the openings in the culvert were without obstructions to prevent easy access, and these openings were smooth and white in appearance. There was a path from plaintiff's home leading into the lane which terminated within 15 steps of the culvert. There was another path from the house to the spring leading into the land, running parallel with the road being constructed.

On Saturday before plaintiff's injury on Sunday, the defendants carried upon the work 50 cases of dynamite fuse and a box of 100 caps and put them in the culvert as a shelter. During the day 40 cases of the dynamite and about half of the caps were used in blasting on the work at a place within from 75 to 150 feet of the culvert. Some of the dynamite fuse and caps not used was left in the culvert over Sunday, in open boxes, and a pile of the caps were left on the floor of the culvert. The openings to the culvert were left unguarded, without warning of danger or obstruction of any sort.

The evidence further tended to show that these dynamite caps were made of brass or copper, bright in appearance, and were filled with a highly explosive substance, and could be caused to explode by a lighted match or by a blow.

On Sunday morning, August 14, 1927, plaintiff, with some of the other children, at the request of the mother, carried the cow to the

pasture, and while on this mission these children went into the culvert, obtained some of the caps and carried them away, and plaintiff, after reaching home, while at play with one of these caps, caused it to explode in her hand, inflicting serious and permanent personal injuries to her hand, and inflicting minor injuries on other parts of her body.

There was also evidence going to show that previous to the injury the workmen on this work near the culvert had been harassed by the presence of children who had to be warned away when blasts were made; that on Sundays people frequented this road work and tended to show that children were accustomed to play in or near this culvert. The plaintiff, as the evidence shows, was seven years of age at the time of her injury, and at the trial, on the voir dire, was disqualified to testify because of her age and lack of mental development.

■ The appellant complains that the father of the plaintiff was allowed to testify that he visited the culvert on the morning after plaintiff's injury and found therein several cases of dynamite, some dynamite caps, and fuse; that the containers were open, and some of the caps were on the ground floor of the culvert, facts going to show that these caps were easily accessible to children who might be prone to pick them up and carry them away. The only objection urged against this evidence was that it showed a condition after the injury. This objection was overruled without error. L. & N. R. Co. v. Johnson, Adm'x, 108 Ala. 62, 68, 19 So. 51, 31 L. R. A. 372; A. G. S. R. Co. v. Bailey, 112 Ala. 167, 20 So. 313; Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am. St. Rep. 28.

■ The other assignments of error relating to the admission of evidence are predicated on general objections, in most instances without the assignment of any ground, and in others the only ground assigned was that the evidence was illegal, irrelevant, and incompetent. It has been many times held that: "A general objection of this character cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence." Sanders v. Knox, 57 Ala. 80; 3 Mayf. Dig. 577, § 2802. We cannot affirm error in any of these several rulings.

■ Some of the elements essential to liability in this class of cases are: The superior knowledge of the danger arising from the conduct of the defendant; that the thing or condition is alluring to children, appealing to childish instincts of curiosity and amusement; that it is situated in a place open to and frequented by children, easily accessible, and constitutes a peril not appreciated by them; whether the defendants knew or ought to have foreseen that children, because of the allurement of the place or thing, would probably be imperiled, and with such knowledge, defendants failed to provide safeguards against injury. Under the evidence in this case these were questions of fact which it was the province of the jury to determine. 20 R. C. L. 83, § 73; Kansas Central R. Co. v. Fitzsimmons, 22 Kan. 686, 31 Am. Rep. 203; Henderson v. Continental Refining Company, 219 Pa. 384, 68 A. 968, 123 Am. St. Rep. 668.

The oral charge of the court, taken as a whole, tested by these principles, was not affected with reversible error, and the special exceptions thereto are without merit. The affirmative charge was properly refused. The special charges refused to defendants, tested by the principles stated, were either unsound or possessed misleading tendencies, justifying their refusal.

■ Charge 1, given at the instance of the plaintiff, pretermits that the plaintiff picked up and carried away the dynamite caps because of their attractiveness to her, as charged in counts 1 and 3 of the complaint, and pretermits the element of wantonness as charged in count 2, and was therefore invasive of the province of the jury. For the error in giving this charge, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.