141 So. 639

**COLSON v. HARDEN.**

6 Div. 883.

Supreme Court of Alabama.
April 14, 1932.

Rehearing Denied May 26, 1932.

J. Edgar Bowron, of Birmingham, and J. F. Aldridge, of Eutaw, for appellant.

B. F. Smith, of Birmingham, for appellee.

**BROWN, J.**

Action of covenant, by the appellee against the appellant and another, for breach of warranty against incumbrances other than those specified in the deed.

The case was tried on counts B and C. Count B declares as for the breach of a covenant of warranty against incumbrances, other than those specified in a deed executed and delivered "by the defendants on the 15th day of May, 1928," and alleges that said covenant was broken, in that prior to the execution and delivery of said deed, on the 28th of April, 1928, defendants granted to one E. M. Elliott the right to the heating of his building from the plant located in the buildings on the premises sold to plaintiff, and the right of support from one of the walls of said buildings as a party wall, stipulating that: "The right to have said heat furnished shall continue as long as the buildings now located on said lot * * * shall remain upon said lot, and the duties and obligation to furnish heat, upon the above basis from said heating plant, shall run with said land as long as the present buildings are located thereon and shall inure to the benefit of said E. M. Elliott and his successors in title of the property this day conveyed to the said E. M. Elliott, and shall be binding upon the owners" of the property conveyed to the plaintiff. The same stipulation was made as to the party wall.

Count C declares as for a breach of warranty against incumbrances, except as specified, embodied in a deed executed by the defendants to plaintiff on the 8th day of May, 1928, and the same grant to E. M. Elliott for heating and party wall support is declared as a breach of the covenant.

■ It is well settled that a covenant of freedom from incumbrances, like a covenant of seizin and good right to convey, is a covenant in praesenti, and is broken as soon as made if there is an outstanding and prior incumbrance diminishing the value of the property conveyed; and knowledge of the incumbrance at the time of the covenant does not bar the right of the covenantee, as such covenants are taken as indemnity against known, as well as unknown, incumbrances. Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Anniston L. & Mfg. Co. v. Griffis, 198 Ala. 122, 73 So. 418.

■ The only ground of demurrer sufficiently specific to meet the requirements of the statute, Code 1923, § 9479, is the fourth: "Said complaint states as a conclusion that the alleged agreement between the defendants and E. M. Elliott constitutes an easement, right-of-way or encumbrance through and upon said property." This ground was not well taken and the demurrer was properly overruled.

Among other special pleas filed by appellant, was plea 4, alleging that plaintiff, prior to the execution of the deed, "entered into a written agreement regarding this transaction; *that he knew at the time that the apartment houses were in three units and that they were served by one central heating plant,* and that he was not buying but two of these units and that it would be necessary for the heating plant to serve the other unit, and he agreed with E. V. Sanders regarding the maintenance of the heating plant and the right of E. V. Sanders to receive heat for the third unit;" that there was delay in closing the transaction with plaintiff, and in the meantime Sanders sold the other unit to E. M. Elliott and made the arrangements for the heat in accordance with the agreement with plaintiff. (Italics supplied.)

■ Over the objection of the defendant that it called for "incompetent, irrelevant, immaterial and illegal" testimony, the court allowed plaintiff's counsel to ask him: "If you had a conversation [with defendant], I will ask you to tell the jury what the conversation was you had in Birmingham with reference to this property after you made the trip to Louisiana?" It does not appear prima facie that the answer sought to be elicited by the question was manifestly illegal and irrelevant, or incapable of being rendered admissible in connection with other evidence relevant to the issue of knowledge under defendant's fourth plea, and the court will not be put in error for overruling the objection. Sanders v. Knox, 57 Ala. 80. Moreover, after the witness answered: "Well, Mr. Colson, when we left Eutaw he says he will come to Birmingham and look over the situation, and later on he came and I didn't go with him out to where he was there on the property getting something, but I understood he went out. The agent told me he went out," defendant objected and the court sustained the objection, but motion was not made to exclude the answer, nor was objection made on the ground now urged—that it was hearsay evidence.

■■ The appellant's next insistence is that the court erred in allowing the plaintiff to show the rental value of the property at the time of the sale and purchase by the plaintiff. While the difference in the reasonable market value of the property without the incumbrance and its reasonable market value with the incumbrance, not exceeding the consideration paid for the property, is the measure of damages, it is permissible to show its

rental value as a predicate for the ascertainment of the reasonable market value. Tuskegee Land & Security Co. v. Birmingham Realty Co., 5 Ala. App. 499, 59 So. 557.

■ It is next insisted that the plaintiff should have been required to prove the separate values of the two units conveyed by the separate deeds declared on, and not the value of the two·units in bulk. If this contention has any merit, a question not decided, it is a full answer to the contention that this objection was not made on the trial, and cannot be raised for the first time on ·appeal.

■ The court did not err in sustaining the objection to the question made the predicate for the eighth assignment of error. If the amount of the tax was evidence going to show the consideration, this appeared on the deed, and whether or not the witness remembered paying it was not material.

The other rulings on evidence have been considered, and we find nothing therein upon which reversible error could be predicated.

There is nothing in the bill of exceptions to support the alleged misconduct of counsel in argument in referring to the fact that the defendant Colson was from Green county, and error cannot be affirmed in overruling the motion.

No error appearing on the record, the judgment is ordered affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.