155 So. 358

## BROWN v. STATE.

### 8 Div. 558.

Supreme Court of Alabama.
June 14, 1934.

Norman W. Harris, of Decatur, and J. N. Powell, of Hartselle, for appellant.

@⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Thos. E. Knight, Jr., Atty. Gen., for the State.

KNIGHT, Justice.

The defendant was indicted by a grand jury of the Morgan county circuit court for the offense of rape, and upon his trial for said offense was found guilty as charged in the indictment, and his punishment fixed by the jury at death. Upon this verdict, the defendant was adjudged guilty of the crime charged, and sentenced to death.

The record proper shows due organization of the court at the term the indictment was returned. The organization of the grand jury which preferred the indictment was regular in all respects. The indictment is in proper form, and duly authenticated and filed in court.

The record proper also shows due arraignment of the defendant, his plea of not guilty, entered, the setting of the case for trial, order for a special venire for the trial, and proper service of a copy of the indictment, and a list of the regular jurors drawn for the week of the trial and also of the special jurors drawn for the trial of the defendant.

There are no errors upon the record proper.

 Mrs. Dugger, the person alleged to have been raped, was examined fully as to all the details of the crime. She testified that on the morning of the occurrence she was returning home from Decatur, walking along Seventh avenue; that, when she reached a point on said avenue where there was a cornfield that extended down to the edge of the avenue, she was accosted by a negro man, who, after addressing one or more insulting remarks to her, and threatening her with a drawn knife, dragged and shoved her some distance into the corn patch, and near to a tree; that he then threw her down and raped her. This occurred about 11:30 in the morning; that after the occurrence she ran to the home of a Mr. Edmondson, and related the matter to him and to another man who happened to be present. This witness described fully just how the man who had outraged her was dressed.

She further testified that the defendant was the man who committed the deed; that a short while after the occurrence, and while she was still at the home of Mr. Edmondson, two officers, Mr. Moore and Mr. McCall, came to the home of Mr. Edmondson, and carried her to the city hall, where she saw and recognized the defendant. She also recognized the knife which was taken from the defendant at the time of his arrest. She identified it as the knife the defendant had in his hand at the time the alleged crime was committed.

There was other evidence offered by the state tending to show that the crime had been committed, and tending also to show that the defendant was the guilty party.

The defendant testified in his own behalf, denying that he had committed the assault, and gave evidence tending to show that, at the time it was alleged the offense was committed, he was at another place in the county and could not have been the guilty party. His testimony in this respect found corroboration in the testimony of one or more other witnesses examined by him.

On the testimony offered on behalf of the state and the defendant, the guilt of the defendant was a jury question. It must have been so considered by counsel for the defendant, for no request for an affirmative instruction in his behalf was made by defendant's counsel.

 Defendant was arrested within an hour or two after the alleged crime was committed, and during the afternoon of that day a photographer appeared at the jail where defendant was confined and made a photograph of the defendant.

The photographer testified that he had twenty-five years' experience in the business of making photographs; that no threats were made against, and no inducements were offered the defendant to permit the taking of his photograph, and that the defendant, before the photograph was taken, in response to questions by the sheriff, "said that he was dressed in the same way as he was at the time the photograph was taken."

The state offered the photograph in evidence, and the defendant objected to its introduction on the ground that the defendant was in jail and locked up and under the control of the sheriff at the time the photograph was taken. The court overruled the defendant's said objection, permitted the state to introduce the photograph in evidence, and to this action of the court defendant duly reserved an exception. In overruling the objection as made, there was no error. It was made affirmatively to appear that the predicate laid sufficiently met the only ground of objection interposed.

If it may be said that the photograph was immaterial evidence, yet the defendant was present before the jury, and no possible injury to him could have resulted from this evidence.

█ The witness Moore, over objection and exception of defendant, was permitted to testify that on the way from the Edmondson home to the city hall, and within an hour after the occurrence, Mrs. Dugger pointed out to him the tree where she had said the crime was committed. The court permitted this testimony to go to the jury for the limited purpose of identifying the place or scene of the alleged crime. The defendant assigned no grounds of objection. For the limited purpose for which allowed, the evidence was admissible.

█ Over the objection (no grounds assigned) and exception of defendant the court permitted the witness Moore to testify that he observed tracks going to or coming from that tree. In view of the further testimony of the witness, that he went to the tree at 2:55 the same day of the occurrence, and saw two sets of human tracks going to and coming from the tree, we think the testimony was competent and material.

This witness further testified that he saw one small track leading east from the tree and a large track leading westward from the same tree.

█ There was no possible ground of objection to the introduction in evidence of the knife. It was fully identified by Mrs. Dugger as being the knife which the defendant had in his hand at the time he assaulted her, and the testimony showed that it was the same knife taken from defendant at the time of his arrest.

██ Fred Robinson, testifying in behalf of the state, was asked by the solicitor to describe the appearance of the ground at the tree. The defendant, while objecting to the question, assigned no grounds therefor. The objection was overruled, and the witness then testified: "We got out of the car on Seventh Street, the ground was very dry and didn't make a very plain track, but could tell there was a fresh track and we found that it went sort of angling across a few of these corn rows over towards the tree. We could see two tracks in some places and in some, one set of tracks. The place I am talking about is between Seventh Street and the tree. Near the tree we found the grass mashed down a little bit and that appeared to have been freshly done. I noticed some tracks leaving the tree northwest and some tracks that led east towards Mr. Edmondson's."

The objection to said question was overruled without error, first, because no ground of objection was assigned, and the court is

not required to cast about to find an apt and valid ground therefor. As well said by Collier, C. J., in Wallis v. Rhea & Ross, 10 Ala. 453, "Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them, will not particularize, the court is not bound to cast about for the grounds upon which, in the mind of counsel, they are rested, but may promptly disregard them." This holding was cited approvingly in the case of Sanders v. Knox et al., 57 Ala. 80. See, also, Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Colson v. Harden, 224 Ala. 665, 141 So. 639; Williams v. Bolding, 220 Ala. 328, 124 So. 892; Clark v. State, 217 Ala. 229, 115 So. 295. Second, the evidence called for a description of the locus quo, the scene of the alleged crime, which is always admissible. Watkins v. State, 21 Ala. App. 585, 111 So. 43, certiorari denied Watkins v. State, 215 Ala. 484, 111 So. 44; Roan v. State, 225 Ala. 428, 143 So. 454. And, lastly, the testimony had a direct bearing upon the case, in that it tended to corroborate the testimony of Mrs. Dugger. No one would argue, we take it, that, had the conditions prevailing at the scene of the crime tended to discredit the testimony of this witness, it would have been inadmissible.

A few other exceptions were reserved by the defendant on admission of evidence, which we have carefully considered, but find the same to be without merit. A discussion of each such exception would serve no useful purpose.

██ At the conclusion of the evidence, the defendant moved the court to let the jury view the scene of the attack, but this motion was overruled, and the defendant duly excepted to this action of the court. To say the least of it, the motion was addressed to the sound discretion of the court, and we perceive nothing in the evidence that shows any abuse by the court of its discretion in the matter. Kilgore v. State, 19 Ala. App. 181, 95 So. 906.

█ The court refused the following charge requested by the defendant: "I charge you that in weighing the testimony of Minnie Dugger in this case you are to consider her interest in the case."

If for no other reason, this charge was properly refused, in that it was substantially covered by the oral charge of the court.

Under the rule declared in Cobb v. Malone, 92 Ala. 630, 9 So. 738, the evidence in the case is not such as to require judicial interference here with the verdict of the jury, and it will be allowed to stand.

Finding no reversible error in the record, the judgment of the circuit court of Morgan county is due to be, and is accordingly, affirmed.

The date for the execution of the sentence of death passed upon the defendant by the circuit court of Morgan county, Ala., having passed, Friday, August 3, 1934, is set for the execution of the defendant.

Affirmed.

All the Justices concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes