47 So.2d 234

## ISRAEL v. STATE.
### 6 Div. 883.

Court of Appeals of Alabama.
April 11, 1950.

Rehearing Denied May 16, 1950.

S. P. Keith, Jr., of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the trial of this case in the lower court, the crime charged in the indictment, and for which this appellant was convicted, was proved without dispute or conflict. The defendant insisted that he was not the person who committed the offense. This controversy presents the paramount and controlling question on this appeal. That is to say, the identity of the person who committed the crime.

Clifford Jordan, the injured party, testified that on the night of July 22, 1948, and at 25 minutes to three o'clock two white men came to his house and knocked on his door; that he let them in when they represented themselves to be officers, and that the men told him he would have to go to jail for running a policy racket. He further testified that he put on his overalls, in the pocket of which was his wallet, or bill fold, and in which he had at that time three one hundred dollar bills; that they took his money and left, and that appellant was the man who took the money, and that he had

identified the appellant in the show up room at police headquarters some few days after the money was taken. He also at that time identified Tom Murray as the other man who was with appellant. We ascertain from the record that Murray when put to trial for this offense plead guilty to the charge.

State witness, Mr. George Palmer, an officer of the city attached to the detective department, testified he was assigned to the investigation of this case, and was the officer in charge of the above stated "line up." He stated that Clifford Jordan promptly identified appellant Israel, and Tom Murray, as the two men who had taken his money; and that Jordan's identification was without suggestion from any one in any manner.

■ The appellant insists that Jordan, the injured party, had on one occasion in court pointed out and identified a person other than appellant as being the perpetrator of the crime. We note that some confusion as to this appears in the record, but it also appears that each of said persons testified that he stated finally that Israel was the man. However, this may be, under the evidence in this case on this question it was for the jury to consider and determine, and the court properly submitted the case to the jury. The requested affirmative charge was therefor refused without error.

The defendant put his character in issue, and offered testimony tending to show that he was a man of good character. In rebuttal of this, the State introduced witnesses who testified he was a man of bad character.

■ In charging the jury on the question of character of defendant, the court stated: "Now, gentlemen, there has been some testimony as to the good character of the defendant. This testimony is to be considered by you along with the other testimony in the case in making up your verdict. Testimony as to good character may be sufficient to generate a reasonable doubt in your minds, whereas, in the absence of such testimony of good character, there might not be generated in your minds such reasonable doubt from the other evidence in the case."

■ Appellant reserved an exception to the foregoing excerpt of the court's oral charge and insists upon error in this connection. We do not accord to this insistence. The court in thus charging the jury properly stated the law. Savage v. State, 23 Ala.App. 372, 125 So. 790. Moreover, the charge was favorable to the defendant and in no manner injuriously affected his substantial rights.

■ Defendant also reserved exception to that part of the court's oral charge wherein the court stated: "Now, it does not make any difference how much money was taken, but if the State proves that some amount of money of the lawful currency of the United States of America was taken from the person or from the presence of Clifford Jordan by the defendant, and that it had some value, that is sufficient as far as the larceny from the person charged in the indictment is concerned, if you further find that he did it with a felonious intent, that the property was the personal property of Clifford Jordan or in his possession, and that he did it with the intent to deprive the owner of the value of his property."

The court later stated: "That would be true in all three of these cases, provided you find the amount taken from each of said complaining witnesses, the names mentioned in the three indictments, was more than five dollars in value."

The exception reserved to the foregoing statement of the court is without merit. Certainly the jury was not misled in this case, as the verdict of the jury reads as follows: "We the jury find the defendant guilty of larceny from the person as charged in the indictment and fix the value of the stolen property at $300.00."

■ There were numerous objections and exceptions reserved to the court's rulings upon the evidence. We have examined and considered each and all of said exceptions and have discovered no error calculated to injuriously affect the substantial rights of the accused. Under the controlling rule we are not called upon to consider a majority of these questions, for practical-

ly in every instance there appears a non compliance with the rule which provides:

"When, in the progress of the trial of any cause in a court of original jurisdiction, objection, and exception are reserved to the introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified." Rule 33, Code 1940, Title 7, Appendix page 1034.

On the trial of this case in nearly every instance only general objections were made and no grounds were assigned. Where this is true the court is not required to cast about to find an apt and valid ground therefor. Undefined objections should never be made to the admission of evidence. In the case of Brown v. State, 229 Ala. 58, 155 So. 358, the Supreme Court discussed this question fully.

■ The statute fixes the punishment for the offense of larceny from the person at imprisonment in the penitentiary for not less than one nor more than ten years. The trial court imposed the maximum punishment upon appellant. Dehors the record of the trial, there appear three affidavits in the transcript wherein it is alleged that at the time when the prisoner was being sentenced the trial court made the following remarks:

"I believe that he is guilty on all three charges. I had my mind made up, that if the jury came back with a verdict in two cases that I was going to sentence him 5 years in one and 6 years in the other. The jury turned you loose in two cases, they didn't want to convict you in all three cases so they put it all in one case. I am going to put the punishment at the maximum.

"Evidence in all three cases showed he was the ring leader. The negro woman's testimony showed he was the ring leader. Tom Murray pleaded guilty and got 11 years and because of that I think the defendant should get the maximum."

As to the foregoing we accord to the statement of the Attorney General, in brief, in saying: "The sentence imposed was no more than that authorized by statute. These statements, if made by the judge could not have influenced the verdict of the jury, as the jury had already returned its verdict."

The trial court gave at the request of defendant a large number of written charges, some fifty in number. The only charge refused to defendant was the affirmative charge, to which he was not entitled.

There appears in the record an extensive motion for a new trial based upon about fifty grounds, a practical rehash of what occurred on the trial of the case. Said motion was properly overruled.

Affirmed.