282 So.2d 83

**Ruby PRINCE**

**v.**

**STATE.**

**8 Div. 338.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

Thomas & Proctor, Scottsboro, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted for burglary of a motor vehicle with intent to steal. Title 14, § 87, Recompiled Code 1958. By consent of the defendant and her counsel, the indictment was amended to put ownership

of the vehicle in T. B. Gann instead of Carolyn Gann. Title 15, § 253, Recompiled Code 1958. Following the jury verdict of guilt, the trial court fixed appellant's punishment at two years imprisonment in the penitentiary.

It appears from the evidence that the vehicle was parked in a parking area where Carolyn Gann left it after closing the doors with her coat and diaper bag inside. When she returned to the vehicle, these items were missing. A witness testified he saw the defendant get out of the parked vehicle. He did not see defendant with the coat and diaper bag. There was other evidence implicating the defendant. She admitted on the witness stand that she possessed the coat; but claimed she bought it at a sale for $20.00.

Officer Keith Smith, an investigator for the Scottsboro Police Department, testified that Miss Carolyn Gann reported the loss of the coat and other items, and that he procured a magistrate search warrant and found the reported missing items in the home of the defendant and her husband. The original search warrant and affidavit were misplaced, and a duplicate affidavit and search warrant were offered into evidence in lieu of the originals. With respect to the warrant and affidavit attached thereto, the following colloquy took place:

"Q. I hand you State's Exhibit No. 3 for identification, and ask you what that is?

"A. That is a search warrant that I got from Judge Haislip concerning this case.

"Q. Is this the original search warrant?

"A. No, sir.

"Q. Do you know where the original is?

"A. It was with the case report with our records some where, but I couldn't find it.

"Q. Did you make a search of the Scottsboro Police Department?

"A. Yes, sir. This is a copy that I ran myself.

"Mr. Black (for the State): We now offer that in evidence as State's Exhibit No. 3.

"Mr. Haralson (for defendant): We object.

"The Court: Mr. Smith, who had custody of the original search warrant, of which this is a copy?

"Mr. Smith: I got the search warrant from Judge Haislip and I had the original search warrant at the time of the search, but between this time and that it has been misplaced.

"The Court: Have you made a diligent search for the original?

"Mr. Smith: Yes, sir, this morning.

"The Court: And you were unable to find it?

"Mr. Smith: That is right.

"The Court: You made this copy yourself?

"Mr. Smith: I ran it off myself.

"The Court: It is an exact reproduction?

"Mr. Smith: Yes, sir.

"The Court: I overrule the objections.

"Mr. Haralson (for defendant): We except."

■ The defendant, for the first time when she filed her motion for a new trial, raised the constitutional validity of the search warrant due to the alleged absence of probable cause, which she contends is reflected in the attached affidavit. The general objection, supra, without stating any grounds therefor, is insufficient. The

Supreme Court in Brown v. State, 229 Ala. 58, 155 So. 358(7), observed:

"The objection to said question was overruled without error, first, because no ground of objection was assigned, and the court is not required to cast about to find an apt and valid ground therefor. As well said by Collier, C. J., in Wallis v. Rhea v. Ross, 10 Ala. 451, 'Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them, will not particularize, the court is not bound to cast about for the grounds upon which, in the mind of counsel, they are rested, but may promptly disregard them.' This holding was cited approvingly in the case of Sanders v. Knox et al., 57 Ala. 80. See, also, Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Colson v. Harden, 224 Ala. 665, 141 So. 639; Williams v. Bolding, 220 Ala. 328, 124 So. 892; Clark v. State, 217 Ala. 229, 115 So. 295. * * *"

This court observed the same pronouncement in Israel v. State, 35 Ala.App. 317, 47 So.2d 234(5).

 Motion for a new trial, as here, cannot take the place of a particularized objection to the introduction of evidence and cannot be predicated on the introduction of exhibits which were not subject to particularized objections during the progress of the trial. Code 1940, Title 7, § 776; Riley v. Srofe, 35 Ala.App. 222, 45 So.2d 328.

The trial court was free of error in admitting in evidence Exhibit No. 3, the search warrant and affidavit.

 Appellant here complains that the trial court erred in admitting in evidence the testimony of John Edmondson, a Scottsboro Policeman, that the reputation of the defendant for truth and veracity was bad. Counsel for the defendant objected and upon the court asking for the grounds of objection, replied: "It is not shown that he was acquainted with the de-

fendant at all." The witness had testified that he had known the defendant ever since he had been a policeman, which was four years.

 The defendant was bound by the grounds specified. Circuit and Inferior Court Rule 33. Title 7, Recompiled Code 1958, Appendix; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Edgil v. State, 36 Ala.App. 379, 56 So.2d 677(10). The credibility of the defendant is obviously put in issue by the evidence. There was no need to limit the evidence to the credibility of the defendant.

The same thing may be said with respect to the testimony of the Chief of Police to which there was no objection.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment is hereby

Affirmed.

All the Judges concur.