290 So.2d 225

**Larry WILDER**

v.

**STATE.**

**6 Div. 448.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

Richard A. Thompson, Jr., Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Robbery: sentence, ten years imprisonment.

The State's proof tended to show, if believed to the required degree, i. e., beyond a reasonable doubt, that Wilder and another bound and gagged the manageress of a branch laundry. Wilder tied the woman up while the accomplice held a gun on her. Then the two rifled the till and stripped her purse.

■ Since appellant in brief has not complied with Rule A (49 Ala. XXI) we neither delineate the evidence nor burden this opinion with a step by step recital of appellant's brief. See Lawson v. State, 51 Ala.App. 704, 286 So.2d 914. Rather we take up under Code 1940, T. 15, § 389, rulings below adverse to the appellant which are not rendered harmless by Supreme Court Rule 45. Wilder is here represented by counsel other than his trial attorney.

■ The court below denied defense counsel's oral motion to charge the jury as to assault with intent to rob being a lesser included offense. The record is unprotected on this point: Code 1940, T. 7, § 273 prescribes that charges must be moved for in writing. Where the supposed fault of the oral charge is an omission merely this cannot afford a basis for an appellate court's exercising revisory power, unless a written charge is tendered. Davis v. State, 246 Ala. 101, 19 So.2d 358.

II

On cross examination of the State's witness Detective Adolph South, defense counsel elicited details of the arrest of Wilder's accomplice. In the course of this cross examination South was asked as to various conversations he had with the accomplice including statements tergiversating between incriminating Wilder and exonerating him.

In this questioning defense counsel asked among other things:

"Q All right, sir, did you have a conversation on January the 28th, 1972, with Charlie McClyde [the alleged accomplice] in the presence of Mr. Lackey in Judge Nicol's Courtroom?

"A Yes, sir.

"Q In that conversation with Charlie McClyde did he repudiate his earlier implication of Larry Wilder as being involved in this robbery?

"A Yes, sir." [Bracketed material added.]

Thereafter the District Attorney took Mr. South on redirect examination and went further into the conversation between South and McClyde.

■ Initially the State could properly have objected to exploring the conversation with McClyde as hearsay made in the absence of the defendant. Without objection it became lawful evidence. See Chastain v. State, 36 Ala.App. 186, 54 So.2d 623.

■ Further, the defense having brought out part of the conversation, the State was then entitled to complete it by eliciting the remainder pertinent to the subject matter first developed. Drake v. State, 110 Ala. 9, 20 So. 450; McElroy, Law of Evidence (2d ed.) § 316.01.

The Record, p. 81, shows the following:

"Q All right. Actually, only three people probably in the Courtroom will understand what I'm saying, Judge, and that's Mr. South, and Mr. McCain and myself. I will ask you if Mr. McCain and you and I in this conversation didn't state to him that whether or not this Defendant had a probation revocation hearing against him, whether his probation wasn't likely to get revoked by whether or not he spoke the truth and by whether or not it checked out?

"MR. McCAIN: Now, Judge, we're going to object. We move for a mistrial at this time.

"THE COURT: Overruled."

While grounds might have assigned (such as bringing the question under the prohibition of Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847) we are not prepared to disregard the lack of a specification of a ground for the objection. Circuit Court Rule 33; Israel v. State, 35 Ala.App. 317, 47 So.2d 234; Brown v. State, 229 Ala. 58, 155 So. 358.

Had appellant given a ground for his objection and pressed the trial judge for a ruling thereon we should have a different situation before us. However, by moving for a mistrial the appellant abandoned the objection as his procedural prayer.

The mistrial motion was plainly too drastic a remedy. See Womble v. State, 44 Ala.App. 416, 211 So.2d 881 (8 and 9).

### III

The appellant and his grandmother signed a consent to search her house. Therein officers found a bank money bag and a pistol which could fire blank cartridges. The bag was identified as the laundry's.

No objection was taken to the consent or to the fruits of the search which were introduced in evidence. There is no Plain Error doctrine in non-death cases. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Without a nisi pruis ruling the matter is coram non judice.

We have searched the record for error. See Rendleman, The Scope of Review in Criminal Appeals, etc., 22 Drake Law Review 477. This search results in the conclusion that the judgment below is due to be

Affirmed.

All the Judges concur.