**652**

303 So.2d 152

**John BUSH, alias**

**v.**

**STATE.**

**5 Div. 200.**

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

W. Banks Herndon, Opelika, for appellant.

William P. Gray, Jr., Sp. Asst. Atty. Gen., Tuscaloosa, for the State.

CATES, Presiding Judge.

First degree burglary: sentence, ten years (the minimum).

I

Appellant (through his appellate counsel)—citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694—submits the following in brief:

"During the redirect examination of Lt. Nick Abbett, Mr. Abbett was allowed

to testify that the defendant refused to make any statement to the policemen. (R 64) Further, during the cross-examination of the defendant, the District Attorney asked a series of questions of the defendant which required him to answer that he refused to give a statement to the police. The effect of the questions and answers were that the police asked the defendant certain questions, the defendant refused to answer these questions. (R 77) The clear intimation of such testimony is that the defendant, by failing to make a statement, had indicated his own guilt. (R 77) There is an indication in the record that the police officers advised the defendant of his Constitutional rights when he was returned to the Opelika City Jail. (R 63–64) The State was allowed to prove that the defendant was asked if he wanted to talk and the defendant refused to talk to the police."

■ We find no error because: (1) during Lt. Abbett's redirect examination the trial judge sustained each objection made by trial counsel, the testimony of silence coming in evidence without objection; and, (2) in like manner the record was not protected by trial counsel during the cross examination of the appellant as to his silence.

"Matters not objected to in trial court cannot be considered for the first time on appeal * * *."—Greathouse v. State, 47 Ala.App. 71, 250 So.2d 609.

■ See also Conner v. State, 52 Ala. App. 82, 289 So.2d 650; and Wilder v. State, 52 Ala.App. 157, 290 So.2d 225 ("Without a nisi prius ruling the matter is coram non judice."); Ala.Digest Criminal Law, ☞1045.

## II

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

a) The clerk's certificate; [T. 7, § 767]

b) The court reporter's certificate;

c) The statement of the organization of the court; (Sup.Ct.R. 52);

d) The indictment (caption, charge, conclusions, and required endorsements);

e) Judgment entry (arraignment, presence of counsel, twelve jurors, empanelling and swearing of jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal);

f) Each ruling of the trial judge adverse to the appellant.

From this examination we conclude that the judgment is to be

Affirmed.

All the Judges concur.