LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was indicted for burglary in the second degree, substantially in the language of the Code form. Title 15, Section 259(32), recompiled 1958. He was only sixteen years of age; he petitioned the court for treatment under the Youthful Offender Act; his petition was denied by the court. The action of the court in this respect was within its discretion. Code of Alabama, Recomp.1958, T. 15, § 266(1).
At the conclusion of the State’s ease, defendant moved for the exclusion of the State’s evidence. In support of appellant’s insistence that the trial court erred in overruling the motion to exclude the evidence, appellant sets forth a lengthy statement of the facts. We think it only necessary to summarize some of the evidence in order to show that a jury question as to defendant’s guilt was presented by the evidence, and we will condense our recital of the facts accordingly.
According to the testimony of Mrs. Ver-nell Royer, a bookkeeper for Lindsey Pawn Shop, in Dothan, the pawn shop was broken into and entered between 5:00 P.M. Saturday, July 26, and 8:00 A.M. Monday, July 28, 1975. When she unlocked a door which had not been broken into, she found some of the display cases open and watches, rings and pistols missing. She reported the matter to the police.
Officer Robert Jenkins, Dothan Police Department, testified that he and other officers went to a recreation center in Dothan about 2:30 A.M., July 29, in response to a complaint that there were four colored males inside the place with handguns. While there, the officers took a pistol from appellant, which was stuck down in his belt in the front of his trousers. The particular pistol was positively identified by Mrs. Royer as one of the pistols missing from the pawn shop. Appellant was arrested and taken to jail. The next morning, according to the testimony of one of the officers, appellant made a voluntary statement, after a full explanation had been made to him of his rights, in which statement appellant said *52 that he and three others had been involved in burglaries.
There was testimony that on July 30 officers went to the home of appellant and appellant’s brothers, entered the home with the permission of the brother who was in charge of the home at the time, and found several other items that were identified as personal property located in the pawn shop before the week end it was burglarized.
Appellant testified that he did not take part in any burglary. He admitted, however, that the police found a pistol on him that appeared to be the identical gun that had been identified as a gun taken from the pawn shop. He admitted that he attempted to run from the officers when arrested at the recreation center. He testified that he was coerced by threat of violence and was hit at one time by one of the officers, but that he signed the statement incriminating himself. He testified that he did not steal the pistol found in his possession at the recreation center but that he bought it at the Hobby Shop, which is near the pawn shop. He said that the reason he told the officers that he had broken into the pawn shop was because his brothers had already lost their jobs and he was afraid that the police officers would implicate them. He attempted to explain his effort to leave when he was arrested at the recreation center, by stating that he knew he was in trouble about having the gun. He said he bought the pistol about the middle of the week before the week end of the burglary; that he paid $50.00 for it. He said he also bought a watch from the same person for $25.00. The watch was identified as a watch taken from the pawn shop.
The facts stated constitute substantial evidence of defendant’s guilt, and the court was not in error in submitting the question to the jury for its determination.
In further support of the contention that the motion to exclude the evidence should have been granted, appellant argues (1) that the discovery of the pistol in the possession of the appellant occurred during an illegal search of appellant or seizure of the pistol and (2) a predicate for the admission of the confession was not laid. There was no objection to any of the testimony relative to the pistol found on defendant. It was introduced in evidence without any objection by defendant. In the absence of an objection to evidence relative to the pistol, such evidence is to be considered in connection with the question of the sufficiency of the evidence to support a guilty verdict. Prince v. State, 50 Ala.App. 644, 282 So.2d 83. The same is true as to the necessity for an objection to evidence of a confession. Price v. State, 52 Ala.App. 21, 288 So.2d 803.
Even though no objection was made to evidence now claimed to be inadmissible, we do not agree with appellant that either the evidence as to the pistol or evidence as to the confession was subject to objection.
In conducting the search at the recreation center, a public place, at 2:30 in the morning it was necessary that the police officers find out who had created the disturbance by brandishing arms that had been the occasion for the complaint and the officers’ response to the complaint. The danger was obvious. The immediate need was for a determination of who possessed handguns. The Supreme Court has recognized the need for prompt action under suspicious circumstances, including a search for weapons. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612.
Furthermore, our review of all of the evidence relative to the confession of defendant convinces us that a sufficient predicate for admission in evidence was established. In most respects, defendant corroborated the testimony of the officers as to a full explanation of his rights, including his right against self-incrimination and his right to counsel. His own testimony as to any abuse of him was uncorroborated. The trial court was justified in concluding that his constitutional rights had been preserved, except as they were voluntarily and under *53 standingly waived by him, and that his confession was voluntary.
We find no error prejudicial to defendant. The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.
CATES, P. J., not sitting.