(94 South. 593)

### EADES v. AMERICAN CAST–IRON PIPE CO. (6 Div. 672.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Negligence ☞39—Artificial pool of water held not an attractive nuisance.**

That an artificial pool of water, which was not dangerous except that one might drown in it, was attractive to children for the purpose of playing or swimming in it, *held* insufficient to subject the owner of the land to liability for the death of a child by drowning, on the ground of negligence in leaving it unguarded.

**2. Negligence ☞47—Artificial pool of water held not trap or pitfall.**

An artificial pool of water formed by accumulation of surface water in an excavation on private property near a highway *held* not a trap or pitfall against which it was the duty of the owner to guard and protect children coming on the land to play; the danger of one being drowned in it not being concealed or disguised.

**3. Negligence ☞2—Breach of legal duty essential.**

There can be no actionable negligence without the breach of a legal duty.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Joseph Eades against the American Cast-Iron Pipe Company. From a judgment on a voluntary nonsuit, plaintiff appeals. Affirmed.

Charles A. Calhoun and John T. Glover, both of Birmingham, for appellant.

Where children have been allowed at will to go upon premises for any appreciable time, as averred in the complaint, knowledge of and consent to such use is imputed to the owner. (C. C. A.) 264 Fed. 785; 196 Fed. 367, 116 C. C. A. 403. The owner of premises or other dangerous thing especially attractive to children, who are likely to attempt to play with it in obedience to childish instinct, is under the duty of exercising reasonable care to keep them guarded or protected, to prevent children from injuring themselves while playing therewith. 204 Ala. 366, 86 South. 7; 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. Rep. 114; 78 S. C. 10, 58 S. E. 960, 12 L. R. A. (N. S.) 468; 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625; 116 Iowa, 410, 90 N. W. 95, 57

L. R. A. 561; 1 Thompson, Neg. § 1031. One who maintains in an open place near the public highway, where children are accustomed to resort to play, an unguarded reservoir of water, is liable for the death of a child who, resorting to the reservoir to play, falls into it and drowns, as upon an implied invitation. 78 S. C. 10, 58 S. E. 960, 12 L. R. A. (N. S.) 468; 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. Rep. 114; 60 Kan. 217, 56 Pac. 4, 44 L. R. A. 655; 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625; 16 Colo. App. 274, 64 Pac. 1047, 54 L. R. A. 284; 21 Minn. 207, 18 Am. Rep. 393. The doctrine of the turntable cases is not confined to turntables, but is applied also to attractive nuisances of other and different kinds. 190 Ala. 184, 67 South. 407, Ann. Cas. 1917A, 721; 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434; 131 Ala. 585, 31 South. 561; 83 Ky. 119; 109 Minn. 180, 123 N. W. 298; 116 Iowa, 410, 90 N. W. 95, 57 L. R. A. 561; 78 S. C. 10, 58 S. E. 960, 12 L. R. A. (N. S.) 468; 17 Wall. 657, 21 L. Ed. 745; 91 Cal. 296, 27 Pac. 666, 25 Am. St. Rep. 186; 70 N. E. 81; 22 Kan. 686, 31 Am. Rep. 203; 21 Minn. 207, 18 Am. Rep. 393; 65 Neb. 889, 91 N. W. 880, 59 L. R. A. 920.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

A landowner is under no duty towards trespassers or licensees to guard or inclose ponds, pools, or pits existing on his land, to prevent such trespassers or licensees from falling therein. 191 Ala. 646, 68 South. 154; 73 Minn. 53, 75 N. W. 735, 42 L. R. A. 288, 72 Am. St. Rep. 597; 45 Neb. 467, 63 N. W. 915; 21 Neb. 445, 32 N. W. 222; 93 Atl. 529; 106 Ky. 228, 50 S. W. 42, 90 Am. St. Rep. 220; 27 App. D. C. 154, 5 L. R. A. (N. S.) 263, 7 Ann. Cas. 196; 40 N. E. 764; 71 Or. 125, 142 Pac. 346, L. R. A. 1915A, 150, Ann. Cas. 1916C, 1083; 77 Ohio St. 235, 83 N. E. 66. Ponds, pools, lakes, and streams, and other bodies of water, embody perils that are deemed to be obvious to children of tenderest years, and as a general rule no liability attaches to the proprietor by reason of death resulting therefrom to children who have come upon the land to bathe, skate, or play. 20 R. C. L. 99; 191 Ala. 646, 68 South. 154; 45 Neb. 467, 63 N. W. 915; 128 Mich. 463, 87 N. W. 644, 55 L. R. A. 310, 92 Am. St. Rep. 481; 25 Mich. 1; 100 Pa. St. 144, 45 Am. Rep. 365; 93 Mo. 422, 6 S. W. 74, 3 Am. St. Rep. 557; 77 Ohio St. 235, 83 N. E. 66, 19 L. R. A. (N. S.) 1136, 122 Am. St. Rep. 503, 11 Ann. Cas. 981; 113 Ga. 398, 39 S. E. 82, 54 L. R. A. 314; 40 N. E. 764. The doctrine of the turntable cases will not be extended to include ponds, pools, lakes, or pits, whether natural or artificial. 190 Ala. 184, 67 South. 407, Ann. Cas. 1917A, 721; 37 Cal. App. 624, 174 Pac. 414; 52 Neb. 293, 72 N. W. 316, 40 L. R. A. 531, 66 Am. St. Rep. 506; 115 Cal. 345, 47 Pac. 113, 598, 56 Am. St. Rep. 106; 172 N. C. 690, 90 S. E. 943; 91 Tex. 60, 41 S. W. 63, 38 L. R. A. 573, 66 Am. St. Rep. 856; 134 Mo. 641, 36 S. W. 659, 33 L. R. A. 755, 56 Am. St. Rep. 543; 84 Vt. 370, 79 Atl. 863, 35 L. R. A. (N. S.) 440, Ann. Cas. 1913A, 1025; 180 Ky. 441, 202 S. W. 880; 102 Tenn. 211, 52 S. W. 183, 45 L. R. A. 591, 73 Am. St. Rep. 864; 113 Ga. 398, 39 S. E. 82, 54 L. R. A. 314; 171 Ind. 710, 86 N. E. 66, 87 N. E. 237; 42 Utah, 455, 131 Pac. 901, 45 L. R. A. (N. S.) 652; 105 Miss. 636, 63 South. 185, 47 L. R. A. (N. S.) 1101; 143 La. 641, 79 South. 174. The fact that a pond, pool, lake, or pit is located on land adjacent to a highway does not affect the owner's duty in regard thereto, and does not make the owner liable for injury resulting therefrom, unless the use of the highway as such is made dangerous as a result of such pond or pool. Authorities supra. Mere acquiescence by an owner in the use of his lands by others does not amount to an invitation to enter. 93 Atl. 529; 41 Colo. 138, 92 Pac. 17, 17 L. R. A. (N. S.) 916; 217 Mo. 1, 116 S. W. 557, 20 L. R. A. (N. S.) 903; 218 Mass. 76, 105 N. E. 598, L. R. A. 1915A, 511, Ann. Cas. 1917A, 893; 113 Ga. 398, 39 S. E. 82, 54 L. R. A. 314.

MILLER, J. Joseph Eades sues the American Cast-Iron Pipe Company to recover damages for the death by drowning of his six year old son.

The complaint as amended contained six counts. There were 81 grounds of demurrer filed to each. The demurrers were sustained by the court to each count. The plaintiff declined to plead further, took a nonsuit, judgment was rendered thereon by the court, and from it this appeal is prosecuted.

Plaintiff's son, John Milton Eades, was drowned while playing in or near an artificial pool or pit of water on land of defendant, formed by defendant mining or excavating chert, into which rain or surface water thereafter accumulated. The pool was near or adjacent to, about eight feet from, a public highway. This child and other children were in the habit of congregating in the neighborhood of the pool to play, and the defendant knew of this habit or custom. These averments appear in counts 1, 2, and 3. Some of these counts aver that at one time the water in the pool did not exceed two feet in depth, but afterwards the excavation continued, and there was a hole in it eight feet deep in water, unknown to plaintiff's son.

Counts 4, 5, and 6 also aver the water of the pool or pit extended from defendant's land partly into a public street or road in the city of Birmingham; and each avers plaintiff's son was drowned in the pit or pool while at or in it playing.

No count avers, nor is it contended, that the child got into the pool and was drowned while attempting to use the highway for lawful purposes. All of the counts aver the pool or pit was in an open place on land of

defendant unprotected and unguarded by barriers or guards against the approach of children thereto, that it was attractive and alluring to children to play in it and was dangerous, and that defendant negligently and carelessly caused the pool or pit to remain on its land, easily accessible to children and unprotected and unguarded against the approach of children by inclosure, guards, or otherwise, and as a proximate consequence, etc., plaintiff's minor son was drowned. In each count the negligence relied on is the failure of the defendant to guard or otherwise inclose the pool or pit to prevent children from gaining access to it; and it is sought to show liability of the defendant in all of the counts on the theory it maintained, unguarded and unprotected against the approach of children by this pool, an attractive and dangerous nuisance upon its premises, or that said pool was in the nature of a trap or pitfall. The appellant in his brief states he "relied for a recovery upon the attractive nuisance and pitfall or concealed peril doctrine."

Athey v. Tenn. Coal, Iron & R. Co., 191 Ala. 646, 68 South. 154, is the case nearest in point with the facts alleged in this case to which we have been cited in this state. On the question involved in this case this court in that case wrote:

"The remaining ground upon which plaintiff seeks to rest the liability of defendant municipality is that it has maintained or permitted a nuisance or pitfall at a place where its responsible officers knew, or in the exercise of common prudence and judgment ought to have known, that small children would be attracted and drawn into danger. The ditch and the water in it do no harm to neighboring property, except perhaps that in its present condition it destroys the use of the alley as a way, but that use is prospective, and the question of property right is not now at issue. The water is hot, dirty, and acid to a degree, but it is no more inherently dangerous to human life than the same volume of pure and pleasant water at the same place, nor does it offer to children a greater temptation to expose themselves to the danger of drowning. * * * In the case before us, the municipal authorities having gone into the alley to dig the ditch and direct the flow of water, without in any wise intending to adopt or improve it as a way for travel, plaintiff's case will be considered without disfavor if we treat the municipality as the owner of the premises. The question then is whether the municipal authorities were guilty of negligence in leaving this ditch, not in a public street or other place to which the public might resort as of common right, unguarded against the intrusions of small children. We think not. We suppose it will not be insisted that, apart from the conditions created by the very tender and wholly inexperienced years of this child, the city has been derelict in the exercise of common judgment and prudence. The ditch is no more a lure to children than a natural stream, involving the same danger, would be in the same place—not as much so. Its dangers, such as they are, to children at all able to take care of themselves, are such as may be found on every hand, are not concealed or disguised so as to create a pitfall, and common experience shows that a reasonable prudence may trust their avoidance to the universal instinct of self-preservation. As for children so little advanced as to be unable to recognize the most patent dangers, their inefficiency cannot be allowed to shift the care of them from the parents to strangers, or to impose upon the owners of property a duty and liability where otherwise none would exist. This is the doctrine that we gather from the weight and reason of the authorities. Some of the cases are referred to in Thompson v. Alexander City Cotton Mills [190 Ala. 184]. Others may be found stated in the recent case of Riggle v. Lens (Or.) 142 Pac. 346."

[1, 2] The general rule of law applicable to this case, and which is approved by the great weight of authorities, is found in 20 R. C. L. on Negligence in section 85, and reads as follows:

"Ponds, pools, lakes, streams, and other waters embody perils that are deemed to be obvious to children of tenderest years, and as a general proposition no liability attaches to the proprietor by death resulting therefrom to children who have come upon the land to bathe, skate, or play. In a recent case the court said: 'That a pond of water is attractive to boys for the purposes of play, swimming, and fishing, no one will deny, but its being an attractive agency is not sufficient to subject the owner to liability. It must be an agency such as is likely or will probably result in injury to those attracted to it. That many boys every year lose their lives by drowning is a matter of common knowledge, but the number of deaths in comparison to the total number of boys that visit ponds, lakes, or streams for purposes of play, swimming, and fishing is comparatively small. It would be extending the doctrine too far to hold that a pond of water is an attractive nuisance, and therefore comes within the turntable cases.' Accordingly a right of recovery has been denied in the case of children 11, 10, 9, 8, 7, 6, and even 5 years of age."

These principles of law declare the rule applicable to the facts as they appear in the complaint under demurrer.

The pool or pit under the allegations was not dangerous, except one might get drowned in it, which generally does not likely nor probably happen to persons playing, bathing, or swimming in it; and for these purposes it appears from the averments to be attractive and alluring to children. This attractive agency is not sufficient to subject the owner to liability and render him guilty of negligence in leaving it on its private property unguarded and unprotected against small children playing in or near it, as it appears in the counts of the complaint. It must be such an attractive agency as will likely or probably result in injury to a child allured by it before the owner of the land on which it is located will be liable. The facts do not make the pool or pond a "trap or pitfall." The danger of a person being drowned in it

does not appear to be concealed or disguised so as to create a pitfall; it was in the open, easily seen. We are unable to see any fact in the averments of any count in the complaint, when applied to the law as heretofore declared by this court and approved by the great weight of authorities as herein indicated to charge the defendant with the legal duty to guard, inclose, or otherwise protect this pond or pit from the approach of plaintiff's son.

[3] No count as amended in the complaint avers facts showing a legal duty owed by defendant to plaintiff's son, which it neglected to perform, and which was the proximate cause of his death. This was necessary to state a cause of action against the defendant, and to render it liable for damages to plaintiff in this case. There can be no actionable negligence without the breach of a legal duty. Athey v. Tenn. Coal, Iron & R. Co., 191 Ala. 646, 68 South. 154; Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 South. 407, Ann. Cas. 1917A, 721; 20 R. C. L. (Negligence) § 85; Savannah F. & W. Ry. Co. v. Beavers, 113 Ga. 398, 39 S. E. 82, 54 L. R. A. 314; Riggle v. Lens, 71 Or. 125, 142 Pac. 346, L. R. A. 1915A, 150, Ann. Cas. 1916C, 1083.

The demurrers were properly sustained by the trial court to each count as amended in the complaint, and its judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.