(136 So. 787)

## ELLISON v. ALABAMA MARBLE CO.
### 7 Div. 41.

Supreme Court of Alabama.

Oct. 8, 1931.

372

L. H. Ellis, of Columbiana, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Harrison & Stringer, of Talledega, for appellee.

ANDERSON, C. J.

The complaint shows that the deceased child was no more than a trespasser or mere licensee, was, at most, upon the defendant's premises by bare sufferance.

"It is a principle of law, founded on reason as well as authorities, that where a landowner suffers persons to cross his lands without any express or implied invitation on his part, and such person wanders out of the beaten paths and falls into a pit, the landowner is without fault or blame, and cannot be made liable in damages." Louisville & N. R. Co. v. Sides, 129 Ala. 399, 29 So. 798, 799.

Nor did the fact that people, including children, were in the habit of congregating and playing upon the premises upon which the hole was located, and traveled a path near said hole, with the knowledge of the defendant, amount to an implied invitation on the part of the defendant. Cox v. Alabama Water Co. 216 Ala. 35, 112 So. 352, 53 A. L. R. 1336; Alabama G. S. Railway Co. v. Godfrey, 156 Ala. 219, 47 So. 185, 130 Am. St. Rep. 76; Scoggins v. Atlantic & G. P. Cement Co., 179 Ala. 222, 60 So. 175.

"Mere toleration of trespassers does not of itself alter the status of trespassers." 45 C. J. 740. The complaint did not set out such a duty owing to the deceased as to bring him within the protection of the conduct charged against the defendant, and the trial court did not err in sustaining the defendant's demurrer to each count of the complaint.

It is urged, in brief of appellant's counsel, that while the defendant may have had the right to do or permit the things charged on its own premises, that it had no right to do so on the premises of another without being answerable in damages to third persons who are thereby injured. In other words, the brief states; "As to Counts 3, A and B of the complaint, these counts, as we have already stated, are drawn on the theory that the hole into which this child fell and was drowned was upon land belonging to some person other than this defendant but that it was placed or caused to be there by the appellee and left exposed and unguarded by the appellee."

It is sufficient to say that count A charges that the defendant owned or had in its possession or under its control the premises in question. As to counts 3 and B, there is no such averment, but there is no averment that the land in question was owned or in the possession or control of another. In other words, it can be easily inferred that the defendant owned the land as that it belonged to another, and inferences will not be drawn to support a complaint as against a demurrer.

In the case of Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, the child was an invitee.

In the case of Gandy v. Copeland, 204 Ala. 366, 86 So. 3, 4, there may be some misleading expressions, but the court held that the counts were defective. It also appears that the complaint proceeded on the attractive nuisance theory. As stated by Thomas, J., in the opinion: "The several counts may be classified as being for simple negligence, framed on the theory of the 'turntable cases.'"

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.