184 So. 182

### LUALLEN v. WOODSTOCK IRON & STEEL CORPORATION.

7 Div. 485.

Supreme Court of Alabama.

Oct. 6, 1938.

Rehearing Denied Nov. 10, 1938.

Knox, Acker, Sterne & Liles and Fred L. Blackmon, all of Anniston, for appellee.

Rutherford Lapsley, of Anniston, and Hugh A. Locke, of Birmingham, for appellant.

GARDNER, Justice.

Upon the discontinuance by defendant of the operation of its furnace on a tract of land in Anniston, there was left uncovered a cemented pit or excavation, more than five hundred feet in length and fifteen feet in width. Rain water accumulated and continued in this pit for several years, varying in depth from five to twenty feet. The cement side walls are perpendicular, and the pool was unenclosed. It is situated on the west side of the tract approximately one hundred and fifty to two hundred feet from the highway that parallels the Southern Railway right-of-way, on the east side of the tracks which are between the pool and the highway.

At first a number of notices against trespassing were placed on the property, and a watchman employed, but the services of a watchman were discontinued several years ago, and no notices posted in the last two or three years, though the defendant's president states "the property was posted innumerable times; * * * we did not invite the public at any time to use that property for passage ways or playgrounds or anything else. We attemped to prevent the public from using the property." He admits there are paths on the property where people are constantly crossing, and that "people are constantly on that property." He further states: "I did not know or was not called to my attention that children were playing around this pool or using that part of it as a playground."

A number of children resided with their parents on "Furnace Hill" across the highway from this property, and plaintiff offered proof that children had been frequently seen playing around this pool, and many of the public walked across the property. The pool was of course open to full view.

Plaintiff's child, a boy eight years of age, was with his companion playing, with a stick in the water, on the side of the pool when he lost his balance and fell in, and was drowned. Hence this suit, the result of which was a verdict for defendant, following the giving of the general affirmative charge in its favor. And this action of the court presents the question of prime importance on this appeal.

■ Upon principles now well established in this Court, the ruling of the trial court is to be sustained. That a child, as well as an adult, may be a trespasser is well settled (Ford v. Planters' Chemical & Oil Co., 220 Ala. 669, 126 So. 866), and we think that under the uncontroverted proof plaintiff's intestate must be held to have been a trespasser.

While counsel for plaintiff disclaim any reliance upon the doctrine of attractive nuisance, yet it would seem their argument tends to show that in large part plaintiff's case must rest upon that doctrine, and some of their cited authorities so disclose.

■ In Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687, after freely admitting that pools have a lure for children, the Court added [page 688]: "But this court,

in line with reason and the great weight of authority, has declined to extend the doctrine of attractive nuisance to such conditions, so as to impose on the owner of property a legal duty to erect barriers, or other safeguards to protect children, not invitees, from water hazards. They exist everywhere in nature, and take a toll of the lives of adventurous youth, and betime those of very tender years." This holding was in perfect accord with the previous decisions of the Court. Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A.L.R. 1336; Eades v. American Cast-Iron Pipe Co., 208 Ala. 556, 94 So. 593; Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787; Athey v. Tenn. Coal, Iron & R. Co., 191 Ala. 646, 68 So. 154. See, also, W. F. Bradley Lumber Co. v. Crowell, Ala. App., 178 So. 66, certiorari denied 235 Ala. 223, 178 So. 68.

■ And we have held the doctrine of the "turntable" cases is inapplicable where the danger is obvious and patent. Williams v. Bolding, 220 Ala. 328, 124 So. 892; Ford v. Planters' Chemical Co., supra.

■ Looking at the proof most favorably to plaintiff, all that appears is that defendant knew there were those who constantly trespassed upon its property, and the further fact, though not traced directly to defendant's knowledge, that children often played around the pool.

Answering a like situation, this Court in Ellison v. Alabama Marble Co., supra, said:

"Nor did the fact that people, including children, were in the habit of congregating and playing upon the premises upon which the hole was located, and traveled a path near said hole, with the knowledge of the defendant, amount to an implied invitation on the part of the defendant. Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A.L.R. 1336; Alabama G. S. Railway Co. v. Godfrey, 156 Ala. [202], 219, 47 So. 185, 130 Am.St.Rep. 76; Scoggins v. Atlantic & G. P. Cement Co., 179 Ala. [213], 222, 60 So. 175.

" 'Mere toleration of trespassers does not of itself alter the status of trespassers.' 45 C.J. 740."

The case of Eades v. American Cast Iron Co., supra, has been often cited with approval. When the counts treated in the opinion are considered, it will be seen this

624

authority is more directly in point and decisive of plaintiff's case.

And next in analogy are the cases of Cox v. Alabama Water Co., supra, and Cobb v. Lowe Mfg. Co., supra.

Plaintiff places much reliance upon Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, as did the plaintiff in Ellison v. Alabama Marble Co., supra, and Ford v. Planters' Chemical Co., supra.

Answering such an argument, we directed attention to the fact that in the Cosby Case, supra, the child was treated as an invitee, using in the Ford Case, supra, the following language, applicable here: "In support of this count plaintiff relies upon Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, 35, but the count there considered expressly averred an invitation, and, in treating this count, the language was used that 'it is the duty to be reasonably sure that one is not inviting the other into danger.' Here there was no invitation either express or implied, and the authorities hereinbefore cited disclose no legal duty resting upon defendant."

So in the instant case, the trial court correctly ruled that plaintiff's intestate was not an invitee and no breach of legal duty was disclosed by the proof.

Upon questions of the character here involved there has existed a contrariety of judicial opinion as disclosed by the numerous cases cited in the exhaustive notes found in 53 A.L.R. 1346 and 36 A.L.R. 37. But as this case is controlled by principles now well established in this jurisdiction, a review of cases elsewhere would serve no useful purpose.

Under our decisions plaintiff was not entitled to recover, and the court committed no error in giving the affirmative charge for defendant.

There is some reference in brief to a ruling on evidence. But we find no such ruling in the record, nor assignment of error directing attention to any such ruling. Of consequence no such question is presented.

Finding no error, the judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.