257 So.2d 313

Grover C. EARNEST

v.

REGENT POOL, INC., a Corporation.

6 Div. 852.

Supreme Court of Alabama.

Jan. 27, 1972.

Hare, Wynn, Newell & Newton and James J. Thompson, Jr., Birmingham, for appellant.

**64**

Spain, Gillon, Riley, Tate & Ansley and William F. Denson, III, Birmingham, for appellee.

McCALL, Justice.

In this case, the father sues to recover damages for the wrongful death of his nine year old son, allegedly drowned in the swimming pool of the defendant, Regent Pool, Inc., a corporation.

The complaint, as amended, contains three counts. The defendant's amended demurrer to this complaint was sustained and the plaintiff, declining to plead further, moved the court for a judgment of nonsuit, because of this adverse ruling. A judgment of nonsuit was duly entered whereby the cause was dismissed and the plaintiff was taxed with the costs for which execution was to issue. The plaintiff has appealed from the adverse judgment. He makes six assignments of error on the record, all of which challenge the trial court's order sustaining the defendant's demurrer to the complaint. The question then, concerns the sufficiency of any of the three counts of the complaint as tested by the demurrer.

Count one, charging simple negligence is as follows:

"Plaintiff sues for the death of his minor son, Jacob Earnest, to-wit, 9 years of age, and claims of the defendants the sum of Five Hundred Thousand Dollars ($500,000.00) as damages for that heretofore on, to-wit, April 1, 1968, the defendants owned, operated, managed or main-

tained a swimming pool in Jefferson County, Alabama, at, to-wit, the Regent Forest area of Shades Mountain in the police jurisdiction of Vestavia Hills, Alabama, which said pool was known as Regent Pool, Inc.; and plaintiff avers that on said occasion the defendants were the owners or proprietors of the premises upon which said pool was located or were responsible for the care, condition and state of repair of said pool and premises, including a fence which surrounded the perimeter of said premises. And plaintiff avers that many members of the public, including children, had for a long time prior to April 1, 1968, constantly and persistently come upon said premises, and plaintiff avers that such children constantly and persistently visited said premises for the purpose of playing thereon in and about the area of said pool, and plaintiff avers that such children did in fact constantly and persistently use the said premises, including said · pool, as a play area and that said practice and said use of the defendants' premises was open and notorious and that the defendants knew, or from facts within their knowledge or from the exercise of due care should have known of said practice and said use of said premises by members of the public, including children. And plaintiff avers that on the occasion referred to herein said pool was dangerous and defective for use by minor children such as the plaintiff's said son in that said pool was partially filled with water, which said water was dirty and dark and partially contaminated, and that said water had collected to a depth of approximately six feet in the deepest portion of said pool in such a fashion that the water level was several feet below the edge or outside perimeter of said pool; and plaintiff further avers that there were no hand-holds or ropes or ladders in that area of the pool so partially filled with water as aforesaid; and plaintiff further avers that said pool was dangerous and defective in that the bottom of the said pool was slimy and slippery and that the water covering the bottom of the pool in this area was so dark and dirty that the bottom of said pool could not be seen, and that there were no signs or other indications warning of the depth of said pool in said area; and plaintiff further avers that said pool was dangerous and defective in that it was constructed in a hollow at a point on said premises below the level of the adjacent hills and terrain and in such a fashion that allowed water to drain into the said pool from the adjacent terrain, carrying with it dirt and silt.

"And plaintiff avers that on, to-wit April 1, 1968, the plaintiff's said minor son, while in the company of his brother, went onto said premises and that while present there on said occasion attempted to play and swim in said pool which was then in the dangerous and defective condition herein-above described, and that on account of said dangerous and defective condition of said pool and as a proximate consequence thereof the plaintiff's said minor son was drowned.

"And plaintiff avers that the defendants, who knew or should have known of the presence of children such as the plaintiff's minor son, who constantly and persistently came upon said premises as aforesaid, were negligent in that they negligently caused or negligently allowed the said pool to be in and remain in the dangerous and defective condition described hereinabove; and that said defendants were negligent in that they negligently failed to properly and safely maintain said premises, including said pool; and that the defendants were negligent in that they negligently failed to provide or maintain an adequate fence or other safeguard to prevent children from entering upon said premises and playing there in and about the area of said pool; and that, further, the defendants were negligent in failing to provide adequate and proper warnings of the dangerous and defective condition of said pool that existed thereon as hereinabove described; and plaintiff avers that as a proximate consequence of said negligence of the defendants the plaintiff's said minor son was drowned."

The gravamen of this count is laid in the averments that the defendant's premises, upon which the swimming pool was located, were, for a long time prior to the accident, constantly and persistently visited by members of the public, including children, who used them as a play area, that the defendant knew of this practice or use, or should have known of it, that the defendant was negligent in causing or allowing the swimming pool to be in a dangerous and defective condition, as described in the above count, without providing or maintaining an adequate fence or safeguard around the premises to prevent children from entering them and playing in and about the pool, and in not posting signs to warn them of the dangerous and defective condition of the pool.

The plaintiff does not proceed upon the attractive nuisance doctrine in this count. He submits that the attraction of the dangerous condition on the defendant's premises is merely evidentiary and relevant only to the question of negligence.

■ It is to be noted from reading the count that the perimeter of the defendant's premises was surrounded by a fence. There is no allegation as to how the deceased entered the fenced-in area, only that the fence was inadequate to prevent children from entering upon the premises and playing in and about the area of the pool. It seems to us that any kind of invitation to enter the enclosed area is countered by the existence of a fence. The fence which surrounded the perimeter of the premises informs those who come thereon that what lies beyond is private. Fullerton v. Conan, 87 Cal.App.2d 354, 197 P.2d 59.

■ A toleration of trespassers does not alter their status. Alabama Great Southern R. R. Co. v. Green, 276 Ala. 120, 159 So.2d 823; Ellison v. Alabama Marble Co., 223 Ala. 371, 136 So. 787.

■ Therefore for aught appearing the deceased was a trespasser on the defendant's premises at the time of his un-fortunate death. The law has long been settled in this state that a child, as well as an adult, may be a trespasser. Southern Ry. Co. v. Forrister, 158 Ala. 477, 48 So. 69; Ford v. Planters' Chem. & Oil Co., 220 Ala. 669, 126 So. 866; Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182. And the general rule is that the only duty owed to a trespasser is not to willfully or wantonly injure him, City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217, or negligently injure him after his peril is discovered. Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266; Birmingham So. R. R. Co. v. Kendrick, 247 Ala. 573, 25 So.2d 419; Highland Avenue & Belt R. R. Co. v. Robbins, 124 Ala. 113, 27 So. 422; Alabama Great So. R. R. Co. v. Moorer, 116 Ala. 642, 22 So. 900.

■ Of course, the attractive nuisance doctrine cannot apply under the facts presented in this count because the swimming pool, the dangerous condition complained of, is patent and obvious to a trespasser. It is well settled in Alabama that where the danger from the instrumentality which caused the injury is patent and obvious the doctrine of attractive nuisance is inapplicable. Republic Steel Corp. v. Tillery, 261 Ala. 34, 72 So.2d 719; Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182; Ford v. Planters' Chem. & Oil Co., 220 Ala. 669, 126 So. 866; Williams v. Bolding, 220 Ala. 328, 124 So. 892; Eades v. American Cast-Iron Pipe Co., 208 Ala. 556, 94 So. 593; Athey v. Tennessee Coal, Iron & Ry. Co., 191 Ala. 646, 68 So. 154; Alabama Great So. R. R. Co. v. Green, 276 Ala. 120, 159 So.2d 823; City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217. In Williams v. Bolding, 220 Ala. 328, 331, 124 So. 892, the court said:

"The doctrine is founded on the defendant's superior knowledge of the peril from which the duty arises to use such care as the circumstances of the particular case may require to protect others from injury, and is limited in its application to latent dangers, and, where the in-

jury results from perils of obvious and patent character, it is not applicable. * * *"

While Alabama adopted the turntable doctrine in Alabama Great So. R. R. Co. v. Crocker, 131 Ala. 584, 31 So. 561, this so called attractive nuisance doctrine has never been extended in Alabama to bodies of water. Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182; Alabama Great So. R. R. Co. v. Green, 276 Ala. 120, 159 So.2d 823. And thus, our courts have declined to protect children, not invitees, from water hazards.

In Cobb v. Lowe Mfg. Co., 227 Ala. 456, 457, 150 So. 687, 688, the court said:

"But this court, in line with reason and the great weight of authority, has declined to extend the doctrine of attractive nuisance to such conditions, so as to impose on the owner of property a legal duty to erect barriers, or other safeguards to protect children, not invitees, from water hazards. They exist everywhere in nature, and take a toll of the lives of adventurous youth, and betime those of very tender years."

■ Therefore, Alabama recognizes no exception, in the case of a child trespasser, to the conventional rule that a landowner is not liable to a trespasser on his land, when the trespasser is injured or drowns in a water hazard. The following is the collection of Alabama cases that have involved injuries or deaths of children after coming in contact with water hazards on another's property: Thompson v. Alexander City Cotton Mills, 190 Ala. 184, 67 So. 407; Athey v. Tennessee Coal, Iron & Ry. Co., 191 Ala. 646, 68 So. 154; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Eades v. American Cast-Iron Pipe Co., 208 Ala. 556, 94 So. 593; Cox v. Ala. Water Co., 216 Ala. 35, 112 So. 352; Ala. Clay Prods. v. Mathews, 220 Ala. 549, 126 So. 869; Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687; Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182; and Alabama Great So. R. R. Co. v. Green, 276

Ala. 120, 159 So.2d 823. In each case where the child was a trespasser, either the complaint was held demurrable, or the affirmative charge for defendant was held properly given or that it should have been given.

The plaintiff now urges us to discard our former holdings in such cases and adopt the rule, announced in The Restatement of Torts, 2d, § 339, entitled "Artificial Conditions Highly Dangerous to Trespassing Children." That section provides as follows:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

In Alabama Great So. R. R. Co. v. Green, supra, the complaint alleged a water hazard which is comparable to the one alleged in the instant case. There the plaintiff appellee also contended "that even though water hazards are not to be considered as attractive nuisances, the facts here

disclose a dangerous condition created upon the defendant's land of such nature that children were likely to be injured thereby, and the defendant should reasonably have anticipated a likely injury, and the defendant should have taken reasonable steps to guard against such happening." Alabama Great So. R. R. Co. v. Green, 276 Ala. 120, 125, 159 So.2d 823, 828. Such contention is basically the same to the present advocacy of § 339's adoption. However the court in *Green*, in writing to the appellee's above contention, concluded the complaint failed to aver facts showing a legal duty owed by the defendant to the plaintiff's drowned son.

■ Were we to adopt the rule stated in § 339, supra, we would in effect overrule well settled decisions of long standing which hold that where the doctrine of attractive nuisance is not applicable because the danger is patent and obvious to a trespassing child, no exception will be made to the conventional rule in his case. Since our cases do not support the application of the rule of law announced in § 339 of The Restatement of Torts, we are unwilling to apply it and thus establish a different concept of duty owing from landowners to trespassing children from that now existing in this state. Therefore, we adhere to our holding in Alabama Great So. R. R. Co. v. Green, supra, and affirm the decision of the trial court sustaining the defendant's demurrer to count one.

■ The plaintiff-appellant does not argue in brief the sufficiency of count two, the wanton count, of the complaint. For this reason, we will not consider the assignment of error challenging the ruling of the trial court, sustaining the demurrer thereto. See Rule 9, Revised Rules of Practice in the Supreme Court, Appendix to Title 7, Code of 1940, as amended.

The plaintiff's right to recover under count three is not greater than such right under count one, consequently, sustaining the demurrer to count three was without error.

The judgment of the trial court is therefore affirmed.

Affirmed.

LAWSON, COLEMAN and BLOODWORTH, JJ., concur.

HEFLIN, C. J., concurs in the results.