GORDON D. OXFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Oxford v. Commissioner
Docket No. 4446-72.
United States Tax Court
T.C. Memo 1973-278; 1973 Tax Ct. Memo LEXIS 9; 32 T.C.M. (CCH) 1321; T.C.M. (RIA) 73278; December 20, 1973, Filed Roderick M. MacLeod, Jr., for the petitioner. Jeffrey B. Talley, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,371.28 in petitioner's Federal income tax for 1969. The only issue for decision is whether petitioner is entitled to a deduction under section 215 [1] for a payment he made to his former wife pursuant to a decree of divorce. *10 2 The parties have submitted this case without a trial in accordance with Rule 30 of our Rules of Practice. All of the facts have been stipulated. Petitioner resided in Bessemer, Alabama, at the time he filed his petition in this case. He filed his Federal income tax return for 1969 with the Internal Revenue Service Center at Chamblee, Georgia. Petitioner and Martha G. Oxford (hereinafter Martha) were married in 1951. Two children were born of the marriage. In 1969 Martha sued petitioner for a divorce in the appropriate Alabama court. A decree of divorce incorporating a property settlement agreement between petitioner and Martha was entered on May 1, 1969. The decree granted custody of the children to Martha and purported to settle all the property rights and other rights and obligations of petitioner and Martha arising from their marital relationship. The divorce decree contained the following provisions with regard to alimony and support payments: Respondent [Gordon D. Oxford] shall pay to Complainant [Martha G. Oxford] the sum of Four Thousand and No/100 ($4,000.00) Dollars alimony engross [sic] and shall pay to the Complainant the sum of Two Hundred *11 and No&/100 ($200.00) Dollars per month alimony and Seventy-Five and No/100 3 ($75.00) Dollars per month for support of each of said minor children, and as additional support shall pay to Complainant a sum equal to one-third the net proceeds of any bonus paid to Respondent by his employer, Southeastern Steel Container Corporation. Each party shall claim one child as a dependent for tax purposes. The decree contained no provision specifically reserving to the Alabama court any power to change the alimony provisions. The divorce decree also provided, inter alia, that petitioner transfer to Martha sole ownership of the family residence and automobile, that he irrevocably designate the children of the marriage as beneficiaries of a group life insurance policy issued in connection with his employment, and that he pay all outstanding debts of the household, all major medical expenses for the care and treatment of the minor children, and Martha's attorneys' fees incurred in connection with the divorce. At the time of the divorce, petitioner was employed as vice president of Southeastern Steel Container Corporation. Martha was not employed and had no particular skill or training *12 for any type of employment. Throughout the marriage she had been 4 totally dependent on petitioner for support. At the time of the divorce, Martha owned no separate property and had no ownership interest in any property other than the family residence which was conveyed to her as indicated above. She had no outstanding obligations or debts other than on the household account. The payment of $4,000 specified in the divorce decree was not intended to compensate her for her interest in any property. Pursuant to the decree of divorce entered May 1, 1969, petitioner made payments by check as follows: Date of check
Total amount of check
Portion of payment for support of children
May 1, 1969
$4,000.00
$ -0-
May 1, 1969
350.00
150.00
July 21, 1969
346.38
146.38
July 30, 1969
350.00
150.00
August 31, 1969
350.00
150.00
September 29, 1969
350.00
150.00
October 31, 1969
350.00
150.00
December 10, 1969
350.00
150.00
December 30, 1969
243.34
43.34
Total
$6,689.72
$1,089.72
On his Federal income tax return for 1969 petitioner claimed a deduction for alimony in the amount of $5,600. Respondent disallowed $4,000 of that amount on *13 the grounds that it was a lump-sum payment not deductible as a periodic payment of alimony. 5 Section 215 [2] allows a divorced husband to deduct payments that he makes to his former wife during the taxable year and that are includable in her gross income under section 71. [3] The latter section provides, in general, that the gross income of a divorced wife 6 includes "periodic payments" she receives from her former husband pursuant to a decree of divorce. *14 The only dispute herein is whether the $4,000 payment petitioner made to his former wife, Martha, on May 1, 1969, pursuant to their decree of divorce, constituted a "periodic payment" within the meaning of section 71(a) (1). If it was not such a periodic payment, respondent's disallowance of the deduction must be sustained. Petitioner contends that the $4,000 payment was not an isolated lump sum but rather the initial payment in a series of periodic alimony payments. In his opinion, the fact that the $4,000 payment and the $200 monthly payments were all provided for in the same sentence of the divorce decree indicates that the $4,000 was simply the first in a sequence of periodic payments. He argues that this characterization of the $4,000 payment is supported by the fact that it was not intended to compensate Martha for her interest in any property, to enable her to pay a specific debt, or for any other particular purpose. We think that petitioner ignores the clear language of differentiation used in the divorce 7 decree. The $4,000 payment is specified to be "alimony in gross", [4] while the $200 monthly payments are denominated simply as "alimony." The key to our decision *15 lies in the treatment of "alimony in gross" under the applicable local law. Our examination of Alabama law leaves no doubt that petitioner would be required to make the $4,000 payment in all events, since the divorce decree contained no reservation of a power of modification in the Alabama court, and neither petitioner's nor Martha's death nor any other contingency (such as Martha's remarriage or a change in the economic circumstances of either of them) could operate to defeat that obligation. Thompson v. Thompson, 282 Ala. 248, 210 So. 2d 808, 812-813 (1968); LeMaistre v. Baker, 268 Ala. 295, 105 So. 2d 867 (1958); Smith v. Rogers, 215 Ala. 581, 112 So. 190, 192 (1927); Welch v. Welch, 49 Ala. App. 643, 275 So. 2d 162 (Civ. App. 1973). The distinctions which petitioner seeks to draw between the situation involved herein and those in the decided cases are clearly insufficient to overcome the position to which this Court has consistently adhered, 8 namely, that "alimony *16 in gross" is not a periodic payment within the meaning of section 71. George B. Kent, Jr., 61 T.C. (Oct. 31, 1973); William M. Haag, 17 T.C. 55 (1951); Arthur B. Baer, 16 T.C. 1418, 1421-1423 (1951), affirmed on this issue 196 F.2d 646, 648-649 (C.A. 8, 1952); Ralph Norton, 16 T.C. 1216 (1951), affd. 192 F.2d 960 (C.A. 8, 1951); Knowles v. United States, 182 F. Supp. 150 (S.D. Miss. 1960), affirmed on the district court's opinion 290 F.2d 584 (C.A. 5, 1961). Accordingly, the $4,000 payment in question is not deductible by petitioner under section 215. Decision will be entered for respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954 as amended. ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree of discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under written instrument incident to such divorce or separation. ↩
4. The divorce decree actually says "alimony engross." This is obviously a misspelling or typographical error, and petitioner does not contend otherwise. ↩