Appeal from an order granting summary judgment in favor of the defendant, Republic Steel Corporation (Republic). We reverse and remand. *Page 384 
The case arose out of a one-automobile accident. The plaintiff was operating her automobile on Hickory Street, a paved public road in Gadsden about 7:30 p.m. on December 22, 1977. At or near a point on the road known as Black Creek Bridge she encountered fog which obscured her vision. At a point just beyond the bridge the road curves sharply to the left; however, the plaintiff continued in the same direction and ran into a guard rail which Republic had erected upon its property.
The plaintiff's original complaint named Republic, the City of Gadsden and others as defendants. Other defendants were added but subsequently removed. The plaintiff's allegations against Republic were that it
 allowed the use of the area connected with said Guard Rail Barrier to be used by vehicular traffic or others and same gave the appearance at night time of being the continuation of said Hickory Street Road and same was dangerous and said Defendant Republic had no warning signs or other devices warning of said Danger and said Defendant Republic on said occasion and said time and place had the duty as a Landowner not to use or allow the use of its Land so as that it was an Attractive Nuisance and/or as a trap on said Land that could or would cause injuries to others and/or so as to endanger the members of the Public, including Plaintiff through the erection, use or control of its said Land located adjacent to said Hickory Street Public Road, . . .
followed by allegations of negligent or wanton injury of the plaintiff proximately caused by the negligence or wantonness of the defendants, and a demand for $50,000.00 in damages.
Republic's motion to dismiss was denied, after which Republic answered by denying any negligence on its part, alleging contributory negligence by the plaintiff, and that the plaintiff was a trespasser on its property.
In due course Republic moved for summary judgment based upon the pleadings, the depositions of the plaintiff, of a passenger in her automobile, of one Elton M. Pledger, of one D.L. Haney, answers to the plaintiff's interrogatories, an affidavit of the plaintiff, and an affidavit of counsel for Republic. In response to Republic's motion for summary judgment the plaintiff filed the affidavit of one Cecil Ray Beaird, Cecil Dorsett and Robert Roberts. The trial court granted Republic's motion for summary judgment and later denied the City of Gadsden's motion for reconsideration. Following the entry of a Rule 54, ARCP order, the plaintiff appealed.
The defendant's position is that, since the accident occurred on its property, the plaintiff was a trespasser to whom the defendant owed only the duty not to intentionally injure her or lay a trap for her. Having acquired its property for steel plant operations, Republic contends, it might use that property as it sees fit except that it must not engage in a positive act creating a hidden danger that a person could not avoid by the exercise of reasonable care and skill. According to Republic, there is no evidence tending to show the creation of any danger or trap by the erection of the guard rail.
The cases cited to us by Republic are inapplicable, we perceive, to the factual situation posed by the plaintiff. InEades v. American Cast-Iron Pipe Co., 208 Ala. 556, 94 So. 593
(1922), the conduct of the defendant in question was in allowing an artificial pool of water to accumulate on its land into which the victim entered and drowned. Alabama GreatSouthern R. Co. v. Green, 276 Ala. 120, 159 So.2d 823 (1964), is to the same effect. W.S. Fowler Rental Equipment Co. v.Skipper, 276 Ala. 593, 165 So.2d 375 (1964), dealt with an injury to a person on a highway being constructed by the defendant building contractor who, though having possession of the premises, nevertheless allowed use of the highway by members of the public. And in Wright v. Alabama Power Co., Ala., 355 So.2d 322 (1978), the injury occurred when the victim went upon the defendant's property and struck a partially submerged fence.
According to the plaintiff's evidence, prior to this occurrence Republic had placed a quantity of chert (or flintlike rock) material *Page 385 
in the area between the curve in Hickory Street and the guard rail which, to west bound motorists such as the plaintiff, gave the appearance of being a continuation of the road. Additionally, Republic had previously located two powerful lights close together some two hundred yards west of the curve and a distance from the ground which, to a motorist driving on Hickory Street on a foggy evening, would appear to be the headlights of an oncoming vehicle. Furthermore, there was in existence about 350 feet north of Black Creek Bridge a settling pond created by Republic to receive waste waters from Republic's manufacturing process. The plaintiff's evidence, through Roberts's and Dorsett's affidavits, was that the combination of this warm water and cool December air would be expected to produce fog which would interfere with the vision of motorists driving west on Hickory Street toward Republic's guard rail. Indeed, Republic's Haney affidavit gave the average December 1977 temperature of the water in the holding pond to be 70° and disclosed that unused water from it ultimately flowed into Black Creek about 350 feet north of Hickory Street. The curve area itself was shown to be lacking in signs and lighting. The plaintiff's position is that it was from this combination of circumstances, negligently created by the defendant Republic, that she was caused to drive off Hickory Street at the curve and continue on the chert surface until she struck the barrier. In other words, the plaintiff's theory differs from the cases cited by the defendant because, although the injury occurred on the defendant's land, the conduct which caused the injury allegedly occurred on Hickory Street, a public road. See also Prosser, Law of Torts, 4th Ed. at 352-354.
Of course, on a motion for summary judgment the burden of proof is stricter than on a trial on the merits, because on the motion all reasonable inferences from facts are to be viewed most favorably to the non-moving party, Campbell v. AlabamaPower Company, Ala., 378 So.2d 718 (1979), and the burden is upon the moving party to show that no triable issue of material fact exists. Amason v. First State Bank of Lineville, Ala.,369 So.2d 547 (1979). So that if there is a scintilla of evidence supporting the non-moving party, a mere gleam, glimmer, spark or trace in support of the plaintiff's complaint, summary judgment is inappropriate. Wilson v. Liberty National Life Ins.Co., Ala., 331 So.2d 617 (1976).
Republic contends that there is no evidence that it did anything in a negligent manner. Insofar as the construction and maintenance of the holding pond is concerned, Republic insists that these are required by federal and state environmental protection laws and regulations, and serve a useful and necessary purpose in the operation of the steel making facilities. We have not been cited to any specific provisions of any such laws or regulations, nor anything else which preempts the laws of negligence from applying to Republic in operating the holding pond, but assuming arguendo that the pond is necessary in its operations as Republic contends, still, construing the facts and inferences in favor of the plaintiff, the location of the pond by Republic is a matter which could, under the law of negligence, involve a duty to others. As was stated in Southern Railway v. Arnold, 162 Ala. 570, 50 So. 293
(1909):
 [E]very man owes his fellow man the general duty not to negligently injure him. Certainly, if one negligently places a car so near a track over which cars are being rightfully operated by another as to injure such other person, . . . he should be held responsible for the injury proximately caused by his negligence. . . .
This Court has often defined negligence as the want of such care as an ordinarily or reasonably prudent and careful man would exercise under similar circumstances, e.g., Standifer v.Pate, 291 Ala. 434, 282 So.2d 261 (1973), due care being always relative and depending upon the facts of the particular case.Cox v. Miller, Ala., 361 So.2d 1044 (1978). We have also recognized the rule that if a defendant has left a condition upon which other causes would likely operate, *Page 386 
so as to be likely to produce a dangerous defect, and which did so operate and thereby produced the defect, the defendant would be culpably negligent. City of Tuscaloosa v. Fair, 232 Ala. 129,136, 167 So. 276 (1936). Applying these principles to the facts presented on summary judgment, there is at least a scintilla of evidence that the conjunction of the holding pond, the location of the chert material, the position of the lights and the absence of signs or warnings, all at the time in question, amounted to a breach of duty to the plaintiff. Collumv. Jackson Hospital Clinic, Inc., Ala., 374 So.2d 314 (1979), cited to us by Republic, is thus not apropos.
In the alternative, the defendant stresses the fact that the barrier struck by the plaintiff's car was, as the evidence established, between 49 and 81 feet from the edge of the paved street, and that the plaintiff was contributorily negligent as a matter of law because either (1) she should have stopped in the fog and did not, or (2) she continued to drive 10 to 15 miles an hour, rather than stop, and struck a barrier which was obvious and therefore could have been avoided. But the question of whether a plaintiff is guilty of contributory negligence as a matter of law arises only when the facts are such that all reasonable men must draw the same conclusion, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ on the question of negligence vel non. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972). Under the conditions disclosed here we cannot hold that reasonable men could not disagree on the cause of the plaintiff's collision. Contributory negligence is ordinarily a question of fact for the jury. Patterson v.Seibenhener, 273 Ala. 204, 137 So.2d 758 (1962).
Because of what we have stated from a review of the facts adduced for the purpose of summary judgment, the trial court erred in entering summary judgment for the defendant Republic. That order, therefore, must be, and it is, reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.