I agree that the judgment appealed from is due to be affirmed. I write separately to note a somewhat curious anomaly: The opinion of the Court makes no mention of thenew statutory standard of proof. Ala. Code 1975, § 12-21-12. Although the statute is applicable to this case (it was not a civil action "pending" on June 11, 1987, the Act's effective date — subsection (e)), the opinion is written as if the advent of the so-called "Tort Reform Act" had never happened.
Fortuitously, however, the opinion's failure to even acknowledge the application of the new "substantial evidence" rule seems to make a point that I believe is worthy of emphasis: that this Court's affirmance of the judgment is not based on a distinction between the two standards of proof that would have resulted in a reversal if we had reviewed the "sufficiency of the evidence" issue under the "scintilla" rule.
Indeed, the opinion, citing the pre-"tort reform" case ofGross v. Republic Steel Corp., 400 So.2d 383 (Ala. 1981) ("that all reasonable persons must draw the same conclusion"), clearly demonstrates the lack of a practical distinction between theold "scintilla of evidence" rule and the new "substantial evidence" rule.
Because this is the first "substantial evidence" case to reach this Court, I deem it appropriate to comment briefly on the "new" standard of proof. Act 87-184, Acts of Alabama 1987,[1] as codified, is found at *Page 19 
Ala. Code 1975, § 12-21-12, and provides, in part:
 "(a) In all civil actions brought in any court of the state of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of the facts. Proof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court, including without limitation, motions for summary judgment, motions for directed verdict, motions for judgment notwithstanding the verdict, and other such motions or pleadings respecting the sufficiency of evidence.
 "(b) The scintilla rule of evidence is hereby abolished in all civil actions in the courts of the state of Alabama."
At the outset, it is worthy of note that this Court's general dissatisfaction with the application of the "scintilla" rule is evidenced by the increasing frequency with which our cases have tested the "sufficiency of the evidence" issue without any reference to the term "scintilla." This Court has experienced a growing awareness that, in the application of the "scintilla" rule, it has tended to preoccupy itself with defining the word "scintilla," thus de-emphasizing the substantive standard of proof.
As a natural incident of this increased awareness, it has become apparent that any effort to reduce the two labels — "scintilla of evidence" and "substantial evidence" — to a workable standard results in definitions without a practical distinction. That the only difference in the two standards is one of perception merely and not one of substance is borne out by this Court's record of conservative application of the "scintilla" standard." See Hoffman, "The Scintilla Rule and Other Topics," 43 Ala.L.Rev. 259 (1982); and Hoffman, "Alabama's Scintilla Rule," 28 Ala.L.Rev. 592 (1977).
This point is further dramatized by the statutory definition of "substantial evidence." Section 12-21-12(d) provides:
 "(d) Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. A scintilla of evidence is insufficient to permit submission of an issue of fact to the trier of facts."
While we applaud the change of labels, we can not escape the reality that this statutory definition has its problems. The phrase "that fair-minded persons . . . might reach different conclusions" suggests that the requisite standard of proof is met only in those cases where the quality of evidence is such that reasonable persons may differ in their conclusions. Literally speaking, this statutory language requires that one who has the burden of proof can prevail against a "sufficiency" challenge only where the quality and weight of the evidence is such that reasonable persons in the exercise of impartial judgment might reach different conclusions.
Suppose, for example, that a bank, in support of its summary judgment motion, proves against the maker of a note all the requisite elements of its claim and that no defense to the claim is forthcoming. Nevertheless, under a literal application of the statutory definition, the bank can not prevail on its motion, because the proof is so conclusive in favor of the bank that reasonable persons can not reach different conclusions. Of course, that is not the intended result. Clearly, the bank would be entitled to a judgment as a matter of law and would thus prevail on its motion. Rule 56, A.R.Civ.P.
Despite this literal inaccuracy, however, we understand the meaning of the statutory standard and its practical application: Substantial evidence is evidence of such quality and weight that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved. Consider, then, the rhetorical question: How could evidence of any less substance qualify as a viable judicial standard for testing the evidentiary validity of a party's claim or defense, irrespective of its label?
Applying either standard to the facts of this case, I agree that, because fair-minded *Page 20 
persons could not reasonably infer a factual conclusion contrary to the movants' allegation that the plaintiff's own negligence proximately contributed to his injuries, the trial court did not err in granting summary judgment for the defendants.
[1] This Act and nine others, one of which is in the form of a proposed amendment to the Constitution of Alabama of 1901, comprise the "tort reform" legislation enacted by the Alabama Legislature in 1987. See Hunter, "Alabama's 1987 Tort Reform Legislation," 18 Cum.L.Rev. 281 (1988).